George WILLARD and Rosalie Willard, Plaintiffs,

Michael R. Mitchell, Applicant in Intervention-Appellant,

v.

CITY OF LOS ANGELES, Charles Sloan Roberts, Ronald Earl Roddy, Roland Leo L'Heureux, Phillip Stanley Trotter, Albert James MacDonald, Duane Eugene Bitner, and Peter A. Vander Burgh, Defendants-Appellees.

Paul MILLER and Johnia Miller, Plaintiffs-Appellants,

v.

CITY OF LONG BEACH, J.J. Smith, H. Page, K. Kilmer, R. Boatright, S. Ziemelis, J. Craig, and S.F. Smith, Defendants-Appellees.

Nos. 84–6616, 85–5749.

United States Court of Appeals, Ninth Circuit.

Argued Dec. 2, 1985.

Submitted July 25, 1986.

Decided Oct. 28, 1986.

Fred Okrand, Woodland Hills, Cal., for Mitchell.

Stephen Yagman, Yagman & Yagman, P.C., Los Angeles, Cal., for plaintiffs-appellants.

Richard M. Helgeson, Los Angeles, Cal., Robert Shannon, Long Beach, Cal., for defendants-appellees.

Before WALLACE, ANDERSON and NORRIS, Circuit Judges.

WALLACE, Circuit Judge:

In these two consolidated appeals, we consider the right to attorney's fees subsequent to settlement pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, which provides that "the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee" in certain civil rights actions. 42 U.S.C. § 1988. Mitchell, an attorney, appeals from a district court order denying his motions for attorney's fees and for leave to intervene. The Millers appeal from a district court order in a separate action denying their motion for attorney's fees. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm both orders.

## I

These appeals arise from similar factual and procedural settings. In No. 84–6616, Mitchell represented the Willards in a civil rights action against the City of Los Angeles. The Willards and the City stipulated to a settlement of the action: the City agreed to pay the Willards $10,000, if plaintiffs agreed to waive attorney's fees. After the district court dismissed the action, Mitchell, acting on his own behalf, moved for an award of .attorney's fees under 42 U.S.C. § 1988, and, in the alternative, for leave to intervene in order to seek attorney's fees. The district court denied both motions.

In No. 85–5749, the Millers settled their civil rights action against the City of Long Beach in exchange for the sum of $6,000, which included all attorney's fees potentially recoverable under section 1988. After the Millers voluntarily dismissed their action, they moved for an award of attorney's fees under section 1988. The district court denied the motion.

## II

We review for abuse of discretion the district court's denial of a motion for attorney's fees. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir.1986). We review de novo an order denying intervention as of right, except for the issue of timeliness, which we review for abuse of discretion. *United States v. $129,374*, 769 F.2d 583, 585 (9th Cir.1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 863, 88 L.Ed.2d 901 (1986). We review for abuse of discretion the denial of permissive intervention. *Id.* at 586.

■ Mitchell's claim to attorney's fees is premised on the contention that the right to attorney's fees under section 1988 lies with the attorney, not with his client. In its recent opinion in *Evans v. Jeff D.*, —— U.S. ——, 106 S.Ct. 1531, 89 L.Ed.2d 747 (1986) (*Evans*), the Supreme Court expressly rejected this contention and held that section 1988 vests the right to attorney's fees in the "prevailing party" rather than in his attorney. *Id.* 106 S.Ct. at 1538–40 & n. 19.

It follows that an attorney has no standing under section 1988 to seek attorney's fees in his own behalf. *Brown v. General Motors Corp.*, 722 F.2d 1009, 1011 (2d Cir. 1983) (*Brown*); *see Evans*, 106 S.Ct. at 1539 n. 19 (citing *Brown* with approval). Since Mitchell lacked standing, the district court properly denied his motion for attorney's fees.

Since Mitchell had no right to seek attorney's fees under section 1988, the district court properly denied his motion for leave to intervene.

## III

■ The Millers argue that the settlement of a civil rights action may not be conditioned on waiver of section 1988 attorney's fees. From this premise, they conclude that the attorney's fees condition of their settlement is unenforceable and that the district court should have granted their section 1988 motion. This argument, however, must fail since it plainly contradicts the Supreme Court's recent holding in *Evans* that settlements of civil rights actions may be conditioned on waiver of section 1988 attorney's fees. *Evans*, 106 S.Ct. at 1542–43.

The Millers next attempt to raise an issue left undecided by *Evans*. In *Evans*, the Supreme Court held that a district court may, under Fed.R.Civ.P. 23(e), approve a class action civil rights settlement that includes a waiver of section 1988 attorney's fees. The Court declined to address whether such approval might be improper where a defendant has a statute, policy, or practice of requiring waiver of attorney's fees as a condition of settlement or where the waiver condition reflects a defendant's vindictive effort to deter attorneys from representing civil rights plaintiffs. 106 S.Ct. at 1543–44. The Millers suggest that their settlement might fall within these potential exceptions.

The Millers' argument differs in one important respect from the issue left open by the Supreme Court in *Evans:* while the district court in *Evans* had a duty to ap-

prove or disapprove the terms of *Evans'* *class action* settlement under Fed.R.Civ.P. 23(e), *Evans,* 106 S.Ct. at 1537, the district court in this case had no such duty with respect to the Millers' settlement of their *individual* action. *See id.* at 1540, 1543 n. 30; *see also Marek v. Chesny,* 473 U.S. 1, 105 S.Ct. 3012, 3018, 87 L.Ed.2d 1 (1985) (section 1988 does not place "civil rights claims … on any different footing from other civil claims insofar as settlement is concerned"). We need not decide, however, whether the possible exceptions identified by the Supreme Court in *Evans* apply to individual actions. Nor need we decide whether the consequence of applying an exception would be merely to render unenforceable the attorney's fee condition or instead to invalidate the entire settlement. *Cf. Evans,* 106 S.Ct. at 1537 (Fed.R.Civ.P. 23(e) does not empower court to require the parties to accept a settlement to which they have not agreed). Here, the record does not indicate that the City of Long Beach has adopted a statute, policy, or practice requiring waiver of fees as a condition of settlement or that it has vindictively sought to deter attorneys from bringing civil rights suits. We therefore must reject the Millers' challenge to the settlement condition waiving attorney's fees. *See id.* at 1544. The district court properly denied the motion for section 1988 attorney's fees.

AFFIRMED.