### NATIONAL CENTER FOR IMMIGRANTS' RIGHTS, INC., et al., Plaintiffs–Appellees,

v.

### IMMIGRATION & NATURALIZATION SERVICE, et al., Defendants–Appellants.

No. 88–5774.

United States Court of Appeals, Ninth Circuit.

Dec. 21, 1989.

John R. Bolton, Robert C. Bonner, U.S. Atty., Barbara L. Herwig, John R. Daly, Dept. of Justice, Washington, D.C., for defendants-appellants.

Peter A. Schey, Los Angeles, Cal., Susan Gzesk, Boston, Mass., Antonio Rodriguez, Los Angeles, Cal., Monica Yriarte, Patricia Perille, Washington, D.C., for plaintiffs-appellees.

Before FERGUSON, REINHARDT, and TROTT, Circuit Judges.

PER CURIAM:

This case involves the question of the validity of an Immigration and Naturalization Service ("INS") regulation that requires the inclusion in release bonds of a blanket condition prohibiting aliens from engaging in employment pending the outcome of their deportation hearings. The National Center for Immigrants' Rights, Inc., and a number of other organizations and individuals, requested a declaratory judgment that the regulation exceeds the scope of the Attorney General's statutory authority, and a permanent injunction against its implementation. The Immigration and Naturalization Service, Alan Nelson, Commissioner, and Attorney General William French Smith were named as defendants. The district court granted summary judgment to the plaintiffs. A notice of appeal was timely filed. The caption of the notice reads, "National Center for Immigrants' Rights, Inc., et al., Plaintiffs, v. Immigration and Naturalization Service, et al., Defendants." The body of the notice states, "Notice is hereby given that defendants in the above-referenced action hereby appeal to the United States Court of Appeals for the Ninth Circuit. . . ." The ap-

pellees now challenge the adequacy of the notice of appeal.

The appellees, relying on *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988), have filed a suggestion that we dismiss the appeal for lack of jurisdiction. They interpret *Torres* as standing for the proposition that under Rule 3(c) of the Federal Rules of Appellate Procedure the names of the parties appealing must be listed in the body of the notice of appeal. Failure to do so, argue the appellees, necessitates dismissal of the appeal. *Torres*, however, does not stand for such a broad nor exacting proposition. In *Torres*, a notice of appeal from a judgment of dismissal listed the names of 15 out of 16 plaintiffs as parties to the appeal in the body of the notice, but did not list the petitioner. "It is undisputed that the omission [of the petitioner's name] in the notice of appeal was due to a clerical error," but since the petitioner "was never named or otherwise designated" when all the others were specifically named, the notice of appeal failed to give "fair notice of the specific individual or entity seeking to appeal." *Id.* 108 S.Ct. at 2407, 2409. The use of the phrase "et al." in the caption also failed to provide notice of a particular defendant's intent to appeal. *Id.* at 2409. Thus, the court of appeals properly held that the judgment of dismissal was final as to the petitioner. *Id.*[1]

■ The case at hand, in contrast, presents an entirely different question. Here, no names were listed in the body of the notice, and no individual was inadvertently omitted as a result of clerical error. Instead, the term "defendants" was used in

the body of the notice. The issue before us is whether that term fairly indicates that *all* and not just *some* of the defendants are appealing the decision below. We think that clearly it does.[2]

■ We hold that *Torres* does not require that the individual names of the appealing parties be listed in instances in which a generic term, such as plaintiffs or defendants, adequately identifies them. We find the reasoning of the Sixth Circuit in *Ford v. Nicks*, 866 F.2d 865, 870 (6th Cir.1989), on this point persuasive. The body of the notice in *Ford* stated that "[n]otice is hereby given that the defendants' appeal to the United States Court of Appeals for the Sixth Circuit...." *Id.* at 869. The court reasoned that "[t]here are some 18 defendants, and the statement that 'the' defendants are taking the appeal gives fair notice that all 18 desire to be appellants, not just some of them.... We think it would be manifestly improper for us to read the words 'the defendants,' in the body of the instant notice, as meaning Chancellor Roy S. Nicks only. The other defendants may have been designated somewhat 'inartfully,' to borrow the adverb used in *Torres*, but to say that they were not designated at all would be untrue." *Id.* at 870.

■ Following the reasoning of *Ford*, we find that the notice of appeal here is also proper. Although the caption reads "Immigration and Naturalization Service, et al.," the body of the notice reads "[n]otice is hereby given that defendants in the above-referenced action hereby appeal...."[3] It is sufficiently clear from the

---

**1.** Appellees also rely on *Allen Archery, Inc. v. Precision Shooting Equipment*, 857 F.2d 1176 (7th Cir.1988), a case in which there were two defendants, Precision Shooting and Shepley, but the notice of appeal stated only "Precision Shooting Equipment, Inc., defendant, hereby appeals...." The Seventh Circuit held that the notice did not constitute an appeal on the part of Shepley. As is clear from the text of our decision, *infra*, the holding of *Allen Archery*, like that of *Torres*, is of little relevance to the issue before us.

**2.** Even if "defendants" only referred to some defendants we would not dismiss the entire ap-

peal; for jurisdiction would exist as to the Immigration and Naturalization Service, the defendant specifically named in the caption of the notice of appeal. *Mariani–Giron v. Acevedo–Ruiz*, 877 F.2d 1114 (1st Cir.1989).

**3.** In *Meehan v. County of Los Angeles*, 856 F.2d 102, 105 (9th Cir.1988), we considered the question whether a notice of appeal naming "Brian Meehan, et al" was sufficient to constitute an appeal on behalf of two unnamed defendants as well. We held that it was not. Our opinion does not indicate whether the quoted words appeared in the caption of the notice, the body, or both. What is clear, however, is that, unlike

body of the notice that all of the defendants are seeking to appeal. While their intentions might arguably have been clearer had the defendants used the article "the" in front of the word "defendants," the omission of the article does not require a different result from that reached by the Sixth Circuit. Defendants, in its normal usage, means all defendants not just some. Had only *some* defendants intended to appeal, the proper term to be used in the body of the notice would have been "certain defendants." Alternatively, if only some defendants desired to appeal, those defendants could have identified themselves individually. As stated by the Advisory Committee Notes on the 1979 amendment, "so long as the function of notice is met by the filing of a paper indicating an intention to appeal, the substance of the rule has been complied with." *Id.* at 870. As was the case in *Ford,* " 'the function of notice' was met as to each of the defendants in this case;" therefore, this court has jurisdiction over the appeal and over each of the defendants.[4]

The suggestion raised by appellees of want of jurisdiction and appropriateness of dismissal is hereby rejected.

---

the case before us, there is no suggestion in the opinion that the names of the two other defendants appeared anywhere in the notice of appeal or that any generic term such as "defendants" or "the defendants" was used instead.

4. In *Mariani–Giron v. Acevedo–Ruiz,* 877 F.2d 1114, 1116 (1st Cir.1989), the First Circuit held that it had jurisdiction over Acevedo–Ruiz's appeal since he was named in the caption of the notice of appeal. In its opinion, the court assumed that it lacked jurisdiction over Acevedo–Ruiz's wife and the conjugal partnership al-

though the word "defendants" was used in the body of the notice. However, the court found it unnecessary to rule on that issue since it found jurisdiction over Acevedo–Ruiz's appeal sufficient for purposes of the proceedings before it, and since the wife and partnership were merely derivative rather than real defendants. To the extent that dictum in *Mariani–Giron* suggests that the use of the term "defendants" is insufficient to give notice that all defendants are appealing, we simply disagree.