No. 90-207

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

LARRY DEEDS, et al,
    Plaintiffs and Appellants,
-vs-
DECKER COAL COMPANY,
    Defendant and Respondent.

APPEAL FROM:   District Court of the Thirteenth Judicial District,
               In and for the County of Big Horn,
               The Honorable William J. Speare, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

            Thomas E. Towe, Towe, Ball, Enright & Mackey,
            Billings, Montana

       For Respondent:

            Paul D. Miller, Holland & Hart, Billings, Montana;
            Sandra R. Goldman, Holland & Hart, Denver, Colorado

Submitted:   August 9, 1990

Decided:   October 16, 1990

Filed:

FILED
OCT 16 AM 10 11
ED SMITH, CLERK
MONTANA SUPREME COURT

Clerk

Justice John C. Sheehy delivered the Opinion of the Court.

Plaintiffs in this class action suit appeal the judgment of the District Court, Thirteenth Judicial District, Big Horn County, granting summary judgment for Decker Coal Company in wrongful discharge action. We reverse the District Court and stay the proceedings pending the outcome of National Labor Relations Board proceedings.

The issues are:

1) Did the District Court err in concluding the dispute to be exempted under § 39-2-912, MCA of the Montana Wrongful Discharge from Employment Act?

2) Did appellants perfect this appeal?

The appellants in this case are 152 employees discharged by respondent Decker Coal Company for allegedly engaging in strike misconduct.

The collective bargaining agreement between Decker and its employees expired on October 1, 1987. Appellants and other employees went on strike at that time. On June 24, 1988, the United Mine Workers of America, on behalf of the striking employees, made an unconditional offer to return to work, effective June 27, 1988. On June 28, 1988, Decker notified employees that approximately 80 of the striking employees would be recalled but that the remaining 152 employees would be discharged due to allegedly engaging in "serious strike misconduct."

In November and December of 1988, the discharged employees, individually and through the UMWA, filed unfair labor practice

charges with the National Labor Relations Board, claiming their discharges to be retalitory measures based on union activities. As of the date of this appeal, the NLRB has yet to file a complaint on behalf of the discharged employees.

The discharged employees filed the complaint leading to this appeal in District Court on June 23, 1989, alleging wrongful discharge pursuant to the Montana Wrongful Discharge from Employment Act, § 39-2-901, et seq. Oral argument was held on October 25, 1989, and the court granted Decker's motion for summary judgment on November 6, 1989, ruling the Montana Act not applicable due to exemptions contained in the Act. This appeal resulted.

Appellants contend that the District Court erred in its determination that their wrongful discharge action is exempted under § 39-2-912, MCA.

Section 39-2-912 states that Montana's Wrongful Discharge from Employment Act does not apply to a discharge:

> (1) that is subject to any other state or federal statute that provides a procedure or remedy for contesting the dispute. Such statutes include those that prohibit discharge for filing complaints, charges or claims with administrative bodies or that prohibit unlawful discrimination based on race, national origin, sex, age, handicap, creed, religion, political belief, color, marital status, and other similar grounds.
>
> (2) of an employee covered by a written collective bargaining agreement or a written contract of employment for a specific term.

Appellants maintain that no statutory exemption applies in this instance. They contend that their labor relations dispute is not exempted by the statute, as all of the statute's exemptions are based on discrimination. We cannot interpret the statute so

narrowly. Clearly, the statute's list is not meant to be all-inclusive, as shown by the term "and other similar grounds."

There is merit, however, in appellants' argument that no other state or federal statute providing a procedure or remedy for contesting the dispute has yet taken effect, thereby exempting this dispute. Nor can the employees be said to be exempted from the Act's provisions by way of a collective bargaining agreement. It was the expiration of their collective bargaining agreement that set this litigation in motion.

Should the NLRB eventually decide to enter into the dispute by filing a complaint on behalf of the discharged employees, a "procedure or remedy for contesting the dispute" would be set in motion, and the statutory exemption of § 39-2-912, MCA, would apply. As yet, no such procedure has taken place, and appellants state that the District Court's finding was erroneous.

We find that the District Court was premature in its ruling that the claims for wrongful discharge were exempted. To ensure appellants a forum in which the dispute may be resolved, this cause is reversed and remanded to the District Court, with the proceedings stayed pending NLRB action.

Respondent Decker argues that only one appellant, Larry Deeds, has perfected an appeal. Appellants' notice of appeal is headed "Larry Deeds, et al.," which Decker contends is insufficient to convey notice under Rule 4(c), Montana Rules of Appellate Procedure. Rule 4(c) provides that:

4

The notice of appeal shall specify the party or parties taking the appeal; and shall designate the judgment, order or part thereof appealed from.

\* \* \*

An appeal shall not be dismissed for informality of form or title of the notice of appeal.

Decker urges this Court to find that the term "et al." is insufficient to specify the parties taking this appeal. Decker cites the U.S. Supreme Court decision in Torres v. Oakland Scavenger Co. (1988), 487 U.S. 312, wherein a sharply divided Court held that Rule 3(c), Federal Rules of Appellate Procedure, (which is identical to Rule 4(c), M.R.App.P.), is jurisdictional in nature and requires the names of all parties taking part in the appeal.

We decline to follow the respondent's interpretation of the Torres decision. We instead choose to follow the Ninth Circuit decision in National Center for Immigrants' Rights v. I.N.S. (9th Cir. 1989), 892 F.2d 814, wherein the Circuit Court, directly addressing the use of "et al." in the caption of the notice clearly indicated that all of the defendants were appealing the decision below. The Circuit Court noted that the Torres decision was premised on a fact pattern where one petitioner out of the sixteen plaintiffs was never named.

It would be onerous, to say the least, to require all 152 appellants in this action to be named in the notice of appeal. In the complaint filed with the District Court, the names of all of the discharged employees takes two full pages to list. In the notice of appeal, the discharged employees were denominated "Larry Deeds, et al., Plaintiffs," which we find to be sufficient to meet

5

the intent of Rule 4(c), M.R.App.P., and provide Decker with notice of the parties appealing. "Et al." in this instance is a commonly-used informality, and an appeal "shall not be dismissed for informality of form or title of the notice of appeal." Rule 4(c), M.R.App.P.

Reversed with directions to the District Court to stay proceedings in accordance with this opinion.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices