50 F.3d 14
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Stanley L. HEINEMAN, Plaintiff,
v.
VERONEX RESOURCES LTD.; David A. Hite; Joseph J. Laferty;
Sandra M. Milligan,
Defendants-Third-party-plaintiffs-Appellants,
v.
TRITON ENERGY CORPORATION; Triton Indonesia, Inc.; Triton
Oil & Gas Corp., Third-party-defendants-Appellees.
Nordell International Resources, Inc., Petitioner for
Intervention-Appellant.
 No. 92-56524.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 6, 1994.
Decided March 3, 1995.
 
 Before: HALL, FERNANDEZ, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Stanley L. Heineman brought this securities fraud action against Veronex Resources Ltd. (Veronex) and its officers David A. Hite, Joseph J. Laferty, and Sandra M. Milligan. The defendants appeal the Rule 12(b)(6) dismissal by Judge Rafeedie of their third-party complaint against Triton Energy Corporation, Triton Indonesia, Inc., and Triton Oil & Gas Corporation (collectively "Triton"), for failure to state a claim when it ruled that the defendants' claim was barred by res judicata and collateral estoppel. They also appeal Judge Baird's denial of their motion for reconsideration of Judge Rafeedie's order. Nordell International Resources, Inc. (Nordell), a wholly owned subsidiary of Veronex, and the defendants appeal Judge Baird's denial of Nordell's motion to intervene. Nordell sought to intervene by becoming a plaintiff in the third-party complaint even though it was not named by Heineman as a defendant. The defendants joined in Nordell's motion to intervene and to file an amended third-party complaint. Heineman settled his claim against Veronex and the other defendants for $10,000 and has no interest in this appeal.
 
 ANALYSIS
 I. Standard of Review
 
 3
 Dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a question of law reviewed de novo. Oscar v. University Students Co-Operative Ass'n, 965 F.2d 783, 785 (9th Cir.) (en banc), cert. denied, 113 S.Ct. 655 (1992). A district court's dismissal on res judicata grounds is subject to de novo review. Palomar Mobilehome Park Ass'n v. City of San Mateo, 989 F.2d 362, 363 (9th Cir.1993). This court applies a de novo standard for reviewing the question of availability of collateral estoppel. Clark v. Bear Stearns & Co., Inc., 966 F.2d 1318, 1320 (9th Cir.1992). Once it is determined that collateral estoppel is available, the decision to apply the doctrine is left to the discretion of the district court. Bates v. Union Oil Co. of Cal., 944 F.2d 647, 650 (9th Cir.1991), cert. denied, 112 S.Ct. 1761 (1992).
 
 
 4
 The standard of review for the district court's denial of Veronex and Nordell's motion to reconsider the dismissal order is abuse of discretion. Fuller v. M.G. Jewelry, 950 F.2d 1437, 1441 (9th Cir.1991). The standard of review for the district court's denial of a motion for permissive intervention is abuse of discretion. Willard v. City of Los Angeles, 803 F.2d 526, 527 (9th Cir.1986).
 
 II. Discussion
 1. Res Judicata
 
 5
 Res judicata, or claim preclusion, generally prevents subsequent litigation by the same parties, or their privies, of all claims or defenses that were or could have been raised in a previous action which led to a final judgment. Davis & Cox v. Summa Corp., 751 F.2d 1507, 1518 (9th Cir.1985). The original third-party complaint alleges:[1]
 
 
 6
 17. From November, 1989, Nordell repeatedly disputed and protested Triton's assertions that Triton had met its contractual obligations under the Agreement as of November, 1989 to pay all of the costs and expenses of the Enim Oil Project up to $24,000,000 and that Nordell was in default under the Agreement for failing to pay its share of the costs and expenses of the Enim Oil Project. In December, 1989, Nordell demanded arbitration of such disputes with Triton under the terms of the Agreement.
 
 
 7
 18. In September, 1990, hearings were held before a panel of three arbitrators in the arbitration between Nordell and Triton. At said hearings, Triton submitted to the arbitrators the false and misleading books and accounting records relating to the Enim Oil Project which, on information and belief, caused the arbitrators to rule on December 14, 1990 that (i) Triton had met, as of November 25, 1989, its contractual obligations under the Agreement to pay all of the costs and expenses of the Enim Oil Project up to $24,000,000 and that (ii) Nordell was in default under the Agreement for failing to pay its share of the costs and expenses of the Enim Oil Project. The arbitrators further ruled that Nordell and Veronex were liable to pay Triton approximately $1,000,000 in damages and expenses and that Nordell's interest in the Enim Oil Project was to be reduced to a 5% net profit interest.
 
 
 8
 19. On information and belief, the arbitrators would not have ruled in favor of Triton in the arbitration if Triton had not submitted to the arbitrators the false and misleading books and accounting records relating to the Enim Oil Project.
 
 
 9
 20. On information and belief, plaintiff Heineman herein instituted the principal action against defendants and third party plaintiffs as a result of the adverse arbitration award against Nordell.
 
 
 10
 Appellants' ER, tab 86, Exhibit 1 (Third-Party Complaint of Defendants at 6-7).
 
 
 11
 The district court correctly based its holding that Veronex had failed to state a claim on its analysis of the pleadings:
 
 
 12
 The Court finds that the claims and issues involved in Veronex's third party complaint were already decided in the arbitration proceeding between Triton, Nordell and Veronex, and that res judicata and collateral estoppel bar Veronex from relitigating the same claims and issues.
 
 
 13
 Appellants' ER, tab 50 (Order Granting Third-Party Defendant Triton's Motion to Dismiss for Failure to State a Claim Upon which Relief Can Be Granted at 2). We reach the same conclusion, and hold that claim preclusion bars the appellants' complaint.
 
 
 14
 Veronex argues that claim preclusion does not apply, because the parties agreed during arbitration to reserve, or split, the issue of fraud. Therefore, the appellants contend, their argument constitutes an exception to the principle of res judicata. The appellants' third-party complaint does not permit such a conclusion. It alleges that the books and records were false and misleading, and caused the arbitrators to rule in favor of Triton.
 
 
 15
 The issues before the district court are identical to those decided by the arbitration panel. The third-party complaint does not allege that the parties agreed to reserve the issue of fraud for another day. Instead, it alleges that the arbitrators ruled that Nordell and Veronex were liable to pay the third-party defendant $1 million in damages and expenses.
 
 
 16
 In both the indemnity and contribution claims, the third-party plaintiffs allege that any of their liability to plaintiffs was caused by the third-party defendants in preparing false and misleading books and accounting records and submitting them to the arbitrators. In paragraph fourteen it is alleged that Triton prepared fraudulent invoices and, in paragraph fifteen, that as a result of its acts in preparing the false records, falsely claimed that Nordell was in default under the agreement. The dismissal of the third-party complaint is affirmed.
 
 2. Denial of Motion to Reconsider
 
 17
 The defendants claim that a new material fact has come to light since their third-party complaint was dismissed. They argue that a Texas jury determined that Triton acted fraudulently and awarded a plaintiff $124 million in a wrongful termination of employment action. The Texas case involved a Triton employee's allegations of wide-spread fraud at Triton. That action is not dispositive of the issue of fraud in Triton's dealings with Nordell and Veronex.
 
 
 18
 Veronex argues further that claim preclusion does not bar its third-party complaint, as it was never a party to the arbitration. We do not read Veronex's pleadings as allegations that it was not a party. According to its third-party complaint, the arbitration panel found Veronex liable to pay Triton approximately $1 million in damages.
 
 
 19
 We hold that Judge Baird did not abuse her discretion in the denial of the motion to reconsider.
 
 B. Nordell
 
 20
 Nordell's involvement in the case is belated and tenuous. Nordell, the totally owned subsidiary of Veronex, was not a party to the original action by Heineman nor to the original third-party complaint. Not until the motion to reconsider Judge Rafeedie's dismissal of the third-party complaint did Nordell seek to intervene. It labelled itself as "Plaintiff in Intervention" in the proposed third-party complaint.
 
 
 21
 Nordell alone alleges fraud against Triton in the first claim and seeks damages estimated at over $100 million. CR 85, Exhibit A (Proposed Amended Third-Party Complaint at 18, p 48). It does not join the defendants in the claims for indemnity and contribution.
 
 
 22
 Judge Baird did not abuse her discretion in denying Nordell's motion to intervene nor in denying the defendants' motion to amend their third-party complaint.
 
 CONCLUSION
 
 23
 We affirm the dismissal of the third-party complaint, the denial of the motion to reconsider, the denial of the motion to allow Nordell to intervene, and the denial of defendants' motion to file an amended third-party complaint.
 
 
 24
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The parties have argued far beyond the scope of the pleadings, but the court declines to discuss issues irrelevant to the appeal of a dismissal of the third-party complaint