60 F.3d 833
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Huang Yu CYI, et al., Plaintiffs-Appellees,
v.
AMERICAN INVESTMENT CORPORATION, American International
Knitters Corporation; Pacific Garment
Manufacturing Corporation; Chen Ru Rong,
Willie Tan, Defendants-Appellants.
 No. 93-16846.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 4, 1995.*
Decided May 11, 1995.
 
 Appeal from the United States District Court, for the District of the Northern Mariana Islands, D.C. No. CV-91-00026-ARM; Alex R. Munson, Chief Judge, Presiding.
 D.N. Mariana Islands
 VACATED
 Before: PREGERSON, KOZINSKI and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Defendants appeal the award of attorney's fees under 29 U.S.C. Sec. 216(b).[1] The district court did not conduct an evidentiary hearing to determine which hours billed by plaintiffs' counsel might be attributed to work done on behalf of the four early-settling plaintiffs, did not determine whether any of the fees it awarded were cumulative of the fees negotiated as part of the other twelve plaintiffs' settlement, and did not explain the basis for awarding fees to plaintiffs' counsel for time spent opposing a motion to dismiss on behalf of plaintiffs he no longer represents.
 
 
 3
 As part of its lodestar analysis the "court must set out the reasonable number of hours and the reasonable hourly rate, and must briefly explain those figures." D'Emanuele v. Montgomery Ward & Co., 904 F.2d 1379, 1386 (9th Cir. 1990); see also Jones v. Giles, 741 F.2d 245, 250 (9th Cir. 1984) (lodestar method applies to award of fees under FLSA). And where the affidavits and briefs do not provide an adequate basis for determining the amount of fees which should be awarded, the court must hold an evidentiary hearing. See D'Emanuele 904 F.2d 1389; Moore v. Jas. H. Matthews & Co., 682 F.2d 830, 838 (9th Cir. 1982). We therefore remand for the district court to conduct an evidentiary hearing and to set forth more clearly the basis for the fee award.
 
 
 4
 On remand, the district court shall also determine whether plaintiffs' attorney, who is not himself a "prevailing party" and who no longer represents these four plaintiffs, has standing under section 216 to seek an award of attorney's fees on his own behalf. Cf. Willard v. City of Los Angeles, 803 F.2d 526, 527 (9th Cir. 1986) (attorney has no standing to seek attorney's fees on his own behalf under 42 U.S.C. Sec. 1988).
 
 
 5
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The notice of appeal adequately identified the parties seeking to appeal, and we have jurisdiction. See Fed. R. App. P. 3(c); National Ctr. for Immigrants' Rights, Inc. v. I.N.S., 892 F.2d 814, 816 (9th Cir. 1989) (per curiam)