**In re Aarl HUNTER, Debtor.**

**Sherwin KALT, Appellant,**

v.

**Aarl HUNTER, individually and as Trustee of The Hunter Family Trust, and as Trustee of the Aarl R. Hunter, D.D.S., Inc. Profit and Pension Fund, Appellees.**

No. 93–17327.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 12, 1995.

Opinion Aug. 4, 1995.

Opinion Withdrawn Sept. 27, 1995.

Opinion Sept. 27, 1995.

David J. Rude, Olympia, Whelan & Lively, San Jose, CA, for appellant.

Jared Dreyfus, Lukens and Drummond, San Francisco, CA, for appellees.

Before SCHROEDER, BEEZER and THOMPSON, Circuit Judges.

## ORDER

The opinion filed August 4, 1995 is withdrawn. It is replaced by the opinion filed concurrently with this order.

The petition for rehearing is denied.

## OPINION

DAVID R. THOMPSON, Circuit Judge:

Sherwin Kalt appeals the bankruptcy appellate panel's affirmance of the bankruptcy court's dismissal of his independent action to set aside a satisfaction of judgment. Kalt alleges Aarl Hunter fraudulently induced him to settle his adversary proceeding in the bankruptcy court and file an acknowledgment and full satisfaction of judgment. Kalt filed his independent action in the bankruptcy court when he discovered the alleged fraud, which was more than two years after he had filed the satisfaction of judgment. The bankruptcy court applied Bankruptcy Rule 9024, the bankruptcy rule corollary to Federal Rule of Civil Procedure 60(b), and dismissed the action, because Kalt had not brought it within one year and he had not alleged fraud upon the court or extrinsic fraud. The bankruptcy appellate panel (BAP) affirmed for the same reason. We have jurisdiction under 28 U.S.C. § 158(c). We also affirm the dismissal, but do so on the ground that the bankruptcy court lacked subject matter jurisdiction over Kalt's independent fraud action.

## I. FACTS

■ The bankruptcy court dismissed Kalt's action on the pleadings; therefore, for purposes of this appeal, we "presume all factual allegations of the complaint are true and draw all reasonable inferences in favor" of Kalt. *Holden v. Hagopian*, 978 F.2d 1115, 1118 (9th Cir.1992).

Kalt lent $250,000 to an Oakland real estate partnership in reliance upon a personal guarantee from Hunter. While the loan remained unpaid, Hunter filed a Chapter 11 bankruptcy proceeding. Kalt brought an adversary proceeding in Hunter's bankruptcy claiming Hunter defrauded him, and won a $446,000 nondischargeable judgment. Kalt then spent one year in a fruitless search for any assets of Hunter's with which to satisfy the judgment. During this same time, Hunter appealed the judgment against him. Kalt and Hunter then agreed to settle the matter: Hunter paid Kalt $150,000 and dismissed his appeal, and Kalt filed an acknowledgment of satisfaction of the judgment.

Two and one-half years later, Kalt filed the instant action seeking to set aside the satisfaction of judgment and reinstate the $446,000 judgment against Hunter. Kalt alleged that Hunter fraudulently concealed a half-interest in a real estate development, and made various misrepresentations which induced Kalt to accept $150,000 to settle the case and file the satisfaction of judgment.

The bankruptcy court treated Kalt's complaint as a Rule 60(b) motion. The court denied relief because the "motion" was filed more than one year after the filing of the satisfaction of judgment and Kalt had not alleged extrinsic fraud or fraud on the court. The BAP affirmed and this appeal followed.

## II. DISCUSSION

■ The first question we consider is whether an action to set aside an acknowledgment of satisfaction of judgment qualifies as an action seeking to "relieve a party from a final judgment, order or proceeding." Fed. R.Civ.P. 60(b).

In the present case, the filing of the satisfaction of judgment was functionally equivalent to filing a voluntary dismissal. Courts have held the latter is a judgment, order, or proceeding from which Rule 60(b) relief can be granted. *See Randall v. Merrill Lynch*, 820 F.2d 1317, 1321 (D.C.Cir.1987), *cert. denied*, 484 U.S. 1027, 108 S.Ct. 753, 98 L.Ed.2d 765 (1988); *Noland v. Flohr Metal Fabricators, Inc.*, 104 F.R.D. 83, 86 (D.Alaska 1984); *cf. Green v. Ancora–Citronelle Corp.*, 577 F.2d 1380, 1383 (9th Cir.1978) (holding stipulation of settlement by parties in state court constituted a final judgment on the merits for collateral estoppel purposes); *Xerox Fin. Servs. Life Ins. Co. v. High Plains Ltd. Partnership*, 44 F.3d 1033, 1037 (1st Cir.1995) (consent judgments are final judgments from which Rule 60(b) relief may

be sought). Therefore, Rule 60(b) of the Federal Rules of Civil Procedure provides the structure for our analysis.

Rule 60(b) expressly addresses fraud in two ways. First, the rule empowers a court to "relieve a party or a party's legal representative from a final judgment, order or proceeding for ... fraud (whether heretofore denominated intrinsic or extrinsic)...." A motion for such relief must be brought within one year of the judgment, proceeding or order. The second way in which the rule addresses fraud is found in its savings clause which reads: "This rule does not limit the power of a court ... to set aside a judgment for fraud upon the court."

In this case, Kalt did not bring his action within one year of the filing of the satisfaction of judgment; therefore, the first avenue for Rule 60(b) relief is foreclosed. Because Kalt does not allege fraud upon the court, the second avenue for relief is also unavailable.

But Kalt is not out of court—yet. He relies on another part of Rule 60(b)'s savings clause, the so-called "independent action" part. Here, the rule states: "This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding...." Rule 60(b). Kalt asserts that such an independent action may be entertained by a court sitting in equity upon a party's allegation of fraud.

The bankruptcy court and the BAP read our case law as holding that a party must allege "extrinsic fraud" to sustain an independent action. They relied on *Wood v. McEwen*, 644 F.2d 797 (9th Cir.1981), *cert. denied*, 455 U.S. 942, 102 S.Ct. 1437, 71 L.Ed.2d 654 (1982). That case, however, dealt only with an allegation of fraud upon the court—not an independent action to set aside a judgment. *Id.* at 801. Moreover, we would be surprised if our case law retains a distinction between "intrinsic fraud" and "extrinsic fraud," a distinction that seems to be abolished by Rule 60(b) itself and has been criticized by this court and commentators. *See In re Intermagnetics America, Inc.*, 926 F.2d 912, 916 (9th Cir.1991) (citing Professor Moore's and Professors Wright's and Miller's criticism of the distinction).

■ We need not decide today whether there is currently any meaningful distinction between "intrinsic" and "extrinsic" fraud, because we conclude the bankruptcy court did not have jurisdiction over Kalt's independent action. We start with black-letter law on federal subject matter jurisdiction:

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co.*, —— U.S. ——, ——, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994) (internal citations omitted).

If Kalt had brought this action within one year of the filing the satisfaction of judgment, he could have proceeded by a Rule 60(b)(3) motion, and jurisdiction would lie as part of the original action. If Kalt had alleged fraud upon the court, the court could have asserted ancillary jurisdiction because that doctrine is available to a court to "vindicate its authority, and effectuate its decrees." *Kokkonen*, —— U.S. at ——, 114 S.Ct. at 1676; *see also Valerio v. Boise Cascade Corp.*, 645 F.2d 699, 700 (9th Cir.) (district court had jurisdiction over plaintiffs' claims of fraud on the court), *cert. denied*, 454 U.S. 1126, 102 S.Ct. 976, 71 L.Ed.2d 113 (1981).

■ Jurisdiction, however, is not derived from Rule 60(b) itself—the rule is silent on how independent actions are to be treated other than to state that the rule is not a limitation on such actions. *See also* Fed. R.Civ.P. 82 (Federal Rules of Civil Procedure "shall not be construed to extend or limit the jurisdiction of the United States district courts.").

■ For a federal court to have subject matter jurisdiction to hear an independent action there must be some statutory or constitutional basis for its jurisdiction. Kalt's independent action's tie to the prior adversary proceeding is not sufficient for the court to assert ancillary jurisdiction over the independent action. Kalt's independent action is a garden variety state law fraud claim. Although the Second Circuit has found ancillary jurisdiction to lie in this situation, *Cress-*

*well v. Sullivan and Cromwell,* 922 F.2d 60, 70 (2d Cir.1990), we think its analysis cannot stand in light of the Supreme Court's recent holding in *Kokkonen.*

In *Kokkonen,* the parties settled their dispute and executed a "Stipulation and Order of Dismissal With Prejudice." The district court approved and signed the stipulation. The stipulation, however, did not reserve jurisdiction to the district court to police the settlement agreement. —— U.S. at ——, 114 S.Ct. at 1675. The parties later disagreed about their respective duties under the agreement. One party sought an enforcement order in the district court which the court granted "asserting an 'inherent power' to do so." *Id.* We affirmed based on the district court's inherent supervisory power, but we were reversed by the Supreme Court.

The Court began its analysis by distinguishing between a district court enforcing a settlement agreement and a district court reopening a dismissed suit because of a breach of a settlement agreement. The Court noted that "some Courts of Appeals have held the latter can be obtained under Federal Rule of Civil Procedure 60(b)(6)." *Id.* at ——, 114 S.Ct. at 1675 (internal footnote omitted). But, the Court explained, enforcement of a settlement agreement "is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Id.* at —— ——, 114 S.Ct. at 1675–76.

The Court then considered the doctrine of ancillary jurisdiction as the only possible source of federal court jurisdiction. The Court held ancillary jurisdiction did not lie.

> The short of the matter is this: the suit involves a claim for breach of a contract, part of the consideration for which was dismissal of an earlier federal suit. No federal statute makes that connection (if it constitutionally could) the basis for federal court jurisdiction over the contract dispute.

*Id.* at ——, 114 S.Ct. at 1677. The force of the Court's opinion in *Kokkonen* compels our decision in this case—ancillary jurisdiction cannot support Kalt's independent action.

A possible exception to the Court's holding in *Kokkonen* would be a case in which relief was sought under Rule 60(b)(6). *Id.* at ——, 114 S.Ct. at 1675; *see also Keeling v. Sheet*

*Metal Workers Int'l Assn.,* 937 F.2d 408, 410 (9th Cir.1991). Rule 60(b)(6) states: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons ... (6) any other reason justifying relief from the operation of the judgment." Here, Kalt did not seek Rule 60(b)(6) relief. He has consistently asserted that he can pursue his independent action in the bankruptcy court to set aside the satisfaction of judgment and reinstate his $446,000 judgment against Hunter.

In short, Kalt has pleaded an independent action seeking equitable relief, but he has not satisfied his burden of establishing federal court jurisdiction. The parties are not diverse and we can find no constitutional or statutory authorization for federal court jurisdiction over this independent state law fraud claim. We affirm the dismissal of Kalt's action, but not on the merits and not with prejudice. The action should have been dismissed for lack of subject matter jurisdiction. Accordingly, we vacate the bankruptcy court's dismissal on the merits and remand for the entry of an order dismissing Kalt's action for lack of subject matter jurisdiction, without prejudice.

VACATED and REMANDED.