**Joey BUDANIO; Corazon Budanio; Fernando Juan; and Lamberto Zaldy Candelaria, Plaintiffs–Appellees,**

v.

**SAIPAN MARINE TOURS, INC.; and John M. San Nicholas, Defendants–Appellants.**

No. 99–16964.

D.C. CV–98–00062–ARM.

United States Court of Appeals, Ninth Circuit.

Submitted May 17, 2001 *.

Decided Oct. 2, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before B. FLETCHER, CANBY, and PAEZ, Circuit Judges.

MEMORANDUM **

MUNSON, District Judge.

In this Fair Labor Standards Act ("FLSA") case, Defendants Saipan Marine Tours, Inc. and John M. San Nicholas appeal from a default judgment awarding attorney's fees and costs to Plaintiffs. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

After Defendants failed to file a timely response to Plaintiffs' complaint, Plaintiffs requested entry of Defendants' default,

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

which was entered on December 11, 1998. Shortly thereafter, Plaintiffs, without informing their counsel, settled their FLSA claims with Defendants, agreeing to dismiss their lawsuit. On December 14, 1998, Plaintiffs, with assistance from Defendants' counsel, filed a "Notice of Voluntary Dismissal" under Fed.R.Civ.P. 41(a)(1). When Plaintiffs' counsel learned of the dismissal, he attempted to contact his clients, but was unable to locate them. After learning the circumstances surrounding the settlement and dismissal, Plaintiffs' counsel moved to vacate the dismissal under Fed.R.Civ.P. 60(b). While the motion to vacate was pending, the district court ordered Defendants to provide the court with certain material explaining the settlement discussions. Although Defendants filed a copy of the settlement agreement with the court, they declined to disclose any further information about their dealings with Plaintiffs. Ultimately, the district court granted the motion to vacate the dismissal. The court also ruled that "the default entered against [D]efendants . . . remains in full force and effect."

Plaintiffs' counsel, on behalf of his clients, then moved for entry of a default judgment under Fed.R.Civ.P. 55(b)(2), requesting only an award of attorney's fees and costs under 29 U.S.C. § 216(b). Plaintiffs' counsel requested $8,380.00 in attorney's fees and costs, which he supported with a declaration documenting the hours he expended on the case and expenses he incurred. The district court, without holding an evidentiary hearing, granted the motion and entered judgment for Plaintiffs for the amount of the attorney's fees and costs requested by Plaintiffs' counsel. The district court subsequently denied Defendants' motion to vacate the default judgment under Fed.R.Civ.P. 60(b).

On appeal, Defendants contend that the district court (1) lacked jurisdiction to vacate the Rule 41(a)(1) dismissal; (2) lacked authority to order Defendants to submit material regarding Defendants' settlement negotiations with Plaintiffs; (3) lacked authority to award attorney's fees to Plaintiffs' counsel; (4) abused its discretion in failing to hold an evidentiary hearing on Plaintiffs' fee request; and (5) abused its discretion in denying Defendants' request to set aside the default and default judgment. We address each issue below.

### 1. *District court's jurisdiction*

■ Defendants argue that, once Plaintiffs filed their voluntary dismissal under Fed.R.Civ.P. 41(a)(1)(i), the district court was divested of jurisdiction over the case for any and all purposes. We review *de novo* Defendants' challenge to the district court's jurisdiction, *Burlington Northern Santa Fe Ry. Co. v. Int'l Bhd. of Teamsters, Local 174,* 203 F.3d 703, 707 (9th Cir.2000)(en banc), and we conclude that Defendants are mistaken.

Despite Plaintiffs' voluntary dismissal, the district court retained jurisdiction both to consider a request for relief from the voluntary dismissal under Fed. R.Civ.P. 60(b), *see Kalt v. Hunter,* 66 F.3d 1002, 1004 (9th Cir.1995) ("[A] voluntary dismissal . . . is a judgment, order or proceeding from which Rule 60(b) relief can be granted"), and to consider collateral matters such as a request for attorney's fees, *see Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 395, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990) (holding that courts may consider collateral matters, such as requests for attorney's fees, after judgment); *id.* at 393–398, 110 S.Ct. 2447 (noting that district court's post-dismissal exercise of jurisdiction over collateral matters does not impermissibly deprive the plaintiff of his right under Rule 41(a)(1)(i) to dismiss an action without court's consent).

### 2. Disclosure order

■ Defendants next assert that the district court had no authority to order them to disclose information about their settlement discussions with Plaintiffs. We review for abuse of discretion a district court's discovery orders; we also review for abuse of discretion a district court's exercise of its inherent powers. *See Simula, Inc. v. Autoliv, Inc.,* 175 F.3d 716, 726 (9th Cir.1999) (discovery order); *Wharton v. Calderon,* 127 F.3d 1201, 1205 (9th Cir.1997) (discovery order issued pursuant to court's inherent authority).

Here we conclude that the district court acted well within its authority in ordering Defendants to disclose such information. At the time of its order, Plaintiffs' motion to vacate the dismissal was pending before the court. Although the district court did not require the parties to engage in formal discovery procedures, the court sought information that was discoverable and relevant to Plaintiffs' motion and would assist it in resolving the motion. Indeed, Plaintiffs' counsel had presented the court with evidence of potential improprieties on the part of Defendants—evidence that Plaintiffs previously had disclosed that they were afraid of Defendants and that Defendants had approached Plaintiffs directly and asked them to "drop the case"—and Plaintiffs' counsel was urging the court to vacate the dismissal so that the court could determine whether the settlement was fair or it improperly compromised Plaintiffs' rights to liquidated damages and attorney's fees and costs. The court's order was consistent with its obligation under 29 U.S.C. § 216(b) and was a proper exercise of its inherent authority to manage its

docket in an expeditious manner. *See Atchison, Topeka & Santa Fe Ry. Co. v. Hercules Inc.,* 146 F.3d 1071, 1074 (9th Cir.1998) (district court possesses inherent power to control its docket, as long as power is exercised in a manner consistent with rules and statutes); *Spurlock v. FBI,* 69 F.3d 1010, 1016 (9th Cir.1995) ("A district court possesses inherent power over the administration of its business.").

### 3. Attorney's fee award

■ Defendants also challenge the district court's attorney's fee award. We review an award of attorney's fees for an abuse of discretion; we review *de novo* any legal conclusion necessary to the district court's award. *Fischer v. SJB–P.D. Inc.,* 214 F.3d 1115, 1118 (9th Cir.2000).

#### a. Standing to request fee award

■ Defendants contend that the attorney's fee award was improper because Plaintiffs' counsel lacked standing to request an award of attorney's fee and the district court lacked authority to award fees directly to Plaintiffs' counsel. In making this argument, Defendants assume that Plaintiffs' counsel sought, and the district court awarded, attorney's fees directly to Plaintiffs' counsel rather than to Plaintiffs. Invoking the principle applied in such cases as *Willard v. City of Los Angeles,* they argue that attorney's fee awards belong to the party, not the party's attorney.[1]

Defendants' contentions are without merit. Plaintiffs' counsel continued to represent Plaintiffs throughout all proceedings in the district court.[2] And, although

---

1. *See Willard v. City of Los Angeles,* 803 F.2d 526, 527 (9th Cir.1986) (holding that, under 42 U.S.C. § 1988, fee award belongs to client and "an attorney has no standing ... to seek attorney's fees in his own behalf").

2. Indeed, pursuant to Rule 83.5(g)(1) of the Local Rules of the District Court for the Northern Mariana Islands, once a party has appeared through counsel, the court recognizes counsel as the proper representative of

Plaintiffs' counsel sought an award of attorney's fees under 29 U.S.C. § 216(b) that would ultimately benefit him, Defendants are mistaken in their understanding of the judgment from which they appeal. The judgment provides that *"plaintiffs* shall have judgment against defendants, jointly and severally, for costs in the amount of $315.25 and attorney fees in the amount of $8,380.00." (Emphasis added). Because the district court awarded attorney's fees to Plaintiffs, not directly to Plaintiffs' counsel, we need not determine whether the principle of *Willard* applies to fee awards in FLSA cases.[3]

### b. *Sufficiency of the evidence*

■ Defendants also argue that the judgment should be reversed because the district court failed to hold an evidentiary hearing on Plaintiffs' fee request, and that, in the absence of such a hearing, its calculation of the fee award lacked a sufficient evidentiary basis. The fee award calculation in this case was straightforward, and the declaration and other materials submitted by Plaintiffs' counsel in support of the amount of fees requested provided adequate information for the district court to make its determination. *Manhart v. City of Los Angeles, Dep't of Water & Power,* 652 F.2d 904, 907 (9th Cir.1981). The district court was not required to hold an evidentiary hearing. *See D'Emanuele v. Montgomery Ward & Co., Inc.,* 904 F.2d 1379, 1389 (9th Cir.1990) ("an evidentiary hearing may be unnecessary where the affidavits and briefs submitted by the parties are sufficiently detailed to provide a basis for the fee award").

### 4. *Motion to vacate default judgment*

■ Finally, Defendants argue that the district court erred in denying them relief from the default judgment under Fed.R.Civ.P. 60(b). We review for abuse of discretion the district court's decision to deny such relief. *Bateman v. United States Postal Serv.,* 231 F.3d 1220, 1223 (9th Cir.2000). Defendants contend that the district court entered a default judgment based only on their failure to file an answer and that their failure to do so was excusable. Defendants' default was entered when Defendants failed to file a timely answer or other response. But this failure to file a timely answer was not a mere oversight. Rather, it was the result of a deliberate strategy. And at the time the district court entered the default judgment, the district court had evidence of Defendants' willful disregard for the authority of the court—Defendants' failure to comply with the court's order to disclose the circumstances of the settlement discussions with Plaintiffs. Defendants' strategy smacked of improper conduct from beginning to end. Defendants' deliberate actions, which ultimately backfired, do not constitute excusable neglect under Fed. R.Civ.P. 60(b). *See Pioneer Inv. Serv. Co.*

the party unless the court enters an order of substitution after notice to the party's attorney and all other parties. Here, Plaintiffs never sought to substitute themselves for their counsel of record so that they could proceed *pro se.*

**3.** Nothing we say here forecloses Plaintiffs' counsel from asserting contractual or equitable rights against Plaintiffs. We note that contractual assignments of fee awards are permissible. *See Image Tech. Serv., Inc. v. Eastman Kodak Co.,* 136 F.3d 1354, 1359 (9th

Cir.1998). Indeed, in this case it appears that Plaintiffs' counsel did negotiate an assignment of rights in his retainer agreement with Plaintiffs. The validity and scope of the assignment of rights from Plaintiffs to their attorney, however, is distinct from the question of Plaintiffs' entitlement to a statutory fee award against Defendants. At this point, the district court has ruled only that Plaintiffs are entitled to receive $8,380.00 in attorney's fees and that determination is all that is before us.

*v. Brunswick Assoc's Ltd. P'ship,* 507 U.S. 380, 394, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) ("neglect" means "negligence"); *TCI Group Life Ins. Plan v. Knoebber,* 244 F.3d 691, 698 (9th Cir.2001) (default judgment ordinarily will not be vacated where party's default was "devious, deliberate, willful, or [in] bad faith").

AFFIRMED.