**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 17 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

DOROTHY S. KARNES,

     Plaintiff - Appellant,

v.

SCI COLORADO FUNERAL
SERVICES, INC., d/b/a T.G.
McCARTHY FUNERAL HOME

     Defendant - Appellee.

No. 96-1480
(District Court No. 93-Z-1150)
(District of Colorado)

---

ORDER AND JUDGMENT[*]

---

Before **ANDERSON, KELLY,** and **HENRY**, Circuit Judges.

---

Dorothy Karnes appeals the district court's order awarding her a lesser amount of attorneys' fees and costs than she requested after prevailing on her Title VII retaliatory discharge claim against the defendant SCI Colorado Funeral Services, Inc. (SCI).[1] We

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]     SCI has filed an appeal of the district court's judgment after a jury verdict, no. 96-1478, arguing that the district court erred in instructing the jury on the burden of proof for Ms. Karnes's punitive damages claims. That appeal is addressed in a separate

conclude that the district court failed to make adequate findings regarding the reasons for the reduced award and therefore remand the case for further proceedings.

## I. BACKGROUND

After a jury found in her favor on her Title VII retaliatory discharge claim and awarded her compensatory and punitive damages, Ms. Karnes filed a motion for attorneys' fees and costs. She requested an award of $96,540.84, and SCI objected, arguing that the total amount awarded should be $59,175.70. Among other arguments, SCI contended that the award should be reduced because: (1) Ms. Karnes had not prevailed on all of her claims against SCI; (2) some of her attorneys had duplicated the work of their colleagues; (3) the supporting papers did not sufficiently describe some of the attorneys' work; (4) the hourly rate for one of Ms. Karnes's attorneys was too high; and (5) some of the items were not recoverable as costs under the applicable statutes.

The district court concluded that Ms. Karnes's fees should be reduced to the amount proposed by SCI. It set forth its reasons as follows:

> The Court has reviewed the motion, the briefs, and the itemized billing statements submitted by the parties, as well as the applicable case law . . . and concludes that $59,175.70 in attorneys' fees should be awarded to plaintiff.
> Although there is little need to discuss every disputed

opinion. Ms. Karnes has also filed an appeal, no. 97-1212, challenging the district court's denial of her motion for post-judgment attorneys' fees. That appeal is addressed in separate order and judgment.

2

charge on the itemized billing statement, the Court feels compelled to address defendant's assertion concerning counsel's hourly rate. Throughout the latter part of this litigation, plaintiff was represented by two attorneys: Richard LaFond and Charlotte Sweeney. Defendant asserts that Ms. Sweeney's hourly rate of $150 is excessive in light of the short period of time for which she has been practicing law. Despite Ms. Sweeney's contribution to her client's victory, the Court is inclined to agree. There is little justification for new associates in Denver billing clients at such a rate. Defendant submits that an hourly rate of $100 is a reasonable rate attributable to Ms. Sweeney. The Court finds this manifestly fair.

Karnes's Supp. App. at 72.

Ms. Karnes then filed a motion for reconsideration, which the district court denied. In its order on the motion to reconsider, the court explained that it had considered the guidelines for awarding attorneys' fees, including "the time and labor required, the novelty and difficulty of the questions, the skill requisite to perform the legal service, the customary fee in the community, and the experience and ability of the attorneys." Id. at 80 (District Court Order filed September 13, 1996) (citing Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-719 (5th Cir. 1974)). It then commented on the billing rates and the work performed by Ms. Karnes's attorneys:

The hourly rates charged by [Ms. Karnes's] counsel, Richard C. LaFond and Charlotte Sweeney, are high for this community. At the time of trial, Mr. LaFond charged $200.00 while Ms. Sweeney charged $150.00. This Court is not aware of any Denver-based employment law attorneys who charge more than $200.00 an hour. Even if Mr. LaFond's short list of other attorneys who do charge around $200.00 an hour is considered, it is clear that Mr. LaFond is at, or near the top of

3

the Denver fee scale.  Given his level of experience, it may be arguable that such a rate is reasonable.  However, the Court cannot justify $150.00 an hour for Ms. Sween[e]y.

Despite [Ms. Karnes's] assertion to the contrary, much of the work done by the various attorneys on [her] "team" was duplicative.  For example, the time spent by Ms. Sweeney in the courtroom, assisting Mr. LaFond in preparing his cross-examination and "assisting jury selection," duplicates Ms. LaFond's efforts. . . .

It is not necessary that this Order document the Court's analysis of every line of [Ms. Karnes's] voluminous itemized billing statement.  The Court has considered the guidelines in Johnson and is satisfied that the fees awarded were proper. This was not a novel or difficult legal question.  The trial was not extended or complex. After observing [Ms. Karnes's] attorneys' work product, preparation, and ability, this Court finds an award of attorneys's fees in the amount of $59,175.70 to be not only reasonable, but generous.

Id. at 80-81.

## II.  DISCUSSION

On appeal, Ms. Karnes argues that the district court failed to provide a sufficient explanation of its reasons for reducing the requested award of attorneys' fees and costs. She also argues that many of SCI's objections to her motion for fees and costs are not warranted.  She urges this court to reverse the district court's decision and award her the fees and costs that she requests or, in the alternative, to remand the case to the district court for additional findings.

A district court may award attorneys' fees to the prevailing party in a Title VII action.  42 U.S.C. § 2000e-5(k); Metz v. Merrill Lynch, Pierce, Fenner & Smith, 39 F.3d 1482, 1492 (10th Cir. 1994).  "Under the Title VII provision, a prevailing plaintiff

4

'ordinarily is to be awarded attorney's fees in all but special circumstances.'" Fogerty v. Fantasy, Inc., 510 U.S. 517, 535 (1994) (Thomas, J., concurring) (quoting Christianburg Garment Co. v. EEOC, 434 U.S. 412, 417 (1978)). Generally, courts apply the same standards in awarding attorneys fees under § 2000e-5(k) as they do in awarding fees under 42 U.S.C. § 1988–the statute that authorizes an award of attorneys' fees in a variety of civil rights actions. See Smith v. Northwest Fin. Acceptance, Inc., 129 F.3d 1408, 1418 n.7 (10th Cir. 1997). To determine a reasonable fee, the district court must arrive at a "lodestar" amount by multiplying the hours that the plaintiff's counsel reasonably spent on the litigation by a reasonable hourly rate. Id.; Ramos v. Lamm, 713 F. 2d 546, 552-559 (10th Cir. 1983).

In addition to the fees and expenses allowed under § 2000e-5(k), a prevailing party in a civil rights action is generally entitled to recover certain costs. See Jane L. v. Bangerter, 61 F.3d 1505, 1517 (10th Cir. 1995) (citing Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920)). These recoverable costs include clerk fees, court reporters' fees, printing and witness fees, copying fees, and certain docket fees. Id.

We review the district court's award of attorneys' fees and costs for an abuse of discretion. See Smith, 129 F.3d at 1418; Bangerter, 61 F.3d at 1517. Factual findings underlying the award are reviewed for clear error, Bangerter, 61 F.3d at 1509, while underlying legal conclusions and statutory interpretations are considered de novo, Phelps v. Hamilton, 120 F.3d 1126, 1129 (10th Cir. 1997). Importantly, in spite of its discretion,

5

the district court must still "provide a concise but clear explanation of its reasons for the fee award." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). The court's explanations must "give us an adequate basis for review." Ramos, 713 F.2d at 552; see also Moe v. Avions Marcel Dassault-Breguet Aviation, 727 F.2d 917, 936 (10th Cir. 1984) (holding that the district court must state its reasons in sufficient detail "so that the appellate court will have a basis for judging whether the trial court acted within its discretion").

In the instant case, the district court's initial order awarding Ms. Karnes a reduced amount offers only one reason for the reduction: that Ms. Sweeney's $150 per hour rate was too high. The order does not determine a lodestar amount and does not address any of SCI's other arguments for a reduction of Ms. Karnes's award. Similarly, the court's order denying Ms. Karnes's motion for reconsideration offers only one additional reason for the reduced award: the duplication of work by Ms. Karnes's attorneys. The only duplicative work that the court's order specifies is the time spent by Ms. Sweeney in the courtroom.

We see no abuse of discretion in the district court's reduction of the award on the basis of Ms. Sweeney's hourly rate. SCI provided information indicating that its attorneys billed associates of comparable experience at considerably lower rates, and the district court was authorized to consider that information in determining a reasonable rate for Ms. Sweeney. See Sussman v. Patterson, 108 F.3d 1206, 1212 (10th Cir. 1997).

Similarly, it was not an abuse of discretion for the district court to reduce the

award because some of Ms. Sweeney's work duplicated the work of other attorneys. In light of the district court's opportunity to observe the litigation first hand, we afford considerable deference to its assessment of the amount of time that it finds reasonable for attorneys to expend on various tasks. See Mares v. Credit Bureau of Raton, 801 F.2d 1197, 1205 (10th Cir. 1986); Ramos, 713 F.2d at 553-555.

Nevertheless, the lower hourly rate and the duplicative work of Ms. Sweeney do not account for the total amount of the reduction in Ms. Karnes's award. Although SCI objected to the requested fees and costs on several other grounds, and although, according to SCI, these objections, if sustained, would justify reducing the award to the $59,175.70 amount actually awarded to Ms. Karnes, the district court's orders do not address any of these other specific objections.[2]

---

[2]    We note that neither Ms. Karnes nor SCI included SCI's objection to Ms. Karnes's motion for attorneys' fees and costs in the appendices that they have filed in this appeal. However, SCI did attach a copy of the objection to its response brief. The court's rules require a party that believes that additional material should be included in the record to file a supplemental appendix rather than an attachment to a brief. See 10th Cir. R. 30.2 . Nevertheless, in order to properly address the arguments raised by the parties, we supplement the record with SCI's objection.

SCI's objection indicates that, in addition to the billing rate for Ms. Sweeney and the amount of time she expended at trial, SCI objected to several other items of attorneys' fees, including: (1) fees for time spent by Ms. Karnes's attorneys on various motions on which she did not prevail and (2) fees for time spent by various attorneys (other than Ms. Sweeney) that duplicated work performed by other attorneys.

SCI also objected to the various items of costs that Ms. Karnes sought to recover, including: (1) the costs of a forensic evaluation performed by a Dr. Seig as well as expert witness fees for Dr. Seig's trial testimony; (2) expenses incurred for the airfare of three witnesses who testified at trial–Mr. and Mrs. Connerly and Mr. Detlinger; (3) the $5.50 fee that Ms. Karnes incurred for obtaining a copy of the district court's docket statement; and (4) fees incurred for an investigator who was used to locate witnesses.

SCI maintains that because the district court awarded fees and costs to Ms. Karnes in exactly the amount that SCI requested, we may infer that the district court simply adopted SCI's response to Ms. Karnes's motion for attorneys' fees and costs. Because of the time and expense involved in remanding disputes over attorneys' fees, see Mares, 801 F.2d at 1205 (10th Cir. 1986), this argument has some appeal. However, for several reasons, we are not persuaded.

First, the district court's orders do not expressly adopt SCI's reasoning. Absent a discussion of any grounds for the fee reduction other than Ms. Sweeney's hourly rate and the duplication involved in some of hours that she expended, the district court's orders do not allow us to assess the soundness of the its decision. Cf. Smith v. Freeman, 921 F.2d 1120, 1124 (10th Cir. 1990) (remanding part of a claim for attorneys' fees because the district court offered no rationale for its decision). Significantly, SCI has cited no authority establishing an exception to the district court's obligation to explain the basis of its ruling.

Moreover, we note that SCI objected to several of the items of fees and costs on multiple grounds and that some of these arguments appear unsupported by the applicable law. For example, with regard to the forensic evaluation and trial testimony of Dr. Seig, SCI argued that "expert witness fees are not awardable as costs." SCI's Objection at 6. In the alternative, SCI argued that Dr. Seig's testimony was not sufficiently reliable. See id. Contrary to SCI's first argument, expert witness fees may be recovered in Title VII

8

cases in certain circumstances. See 42 U.S.C. § 2000e-5(k) ("In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs . . . .") (emphasis added). However, because the district court did not address this particular objection, we cannot determine whether it reduced Ms. Karnes' award because it thought that expert witness fees could not be awarded as costs, because it concluded that Dr. Seig's testimony was not reliable, or for some other reason.

As another example, we note that SCI objected to certain deposition costs, see SCI's Objection at 6, arguing that Ms. Karnes was not entitled to recover these costs because the clerk had not awarded them as part of the bill of costs and because they were "not appropriate costs under 28 U.S.C. § 1920." Id. Section 1920 authorizes the prevailing party to recover the costs of taking and transcribing depositions necessary for the litigation. See 28 U.S.C. § 1920; Callicrate v. Farmland Indus., Inc., 139 F.3d 1336, 1339 (10th Cir. 1998). However, because the district court did not specifically address this objection, we cannot determine whether it disallowed these items of costs because it deferred to the clerk's determination in the bill of costs, because it concluded that § 1920 does not authorize the award of deposition costs, because it found that the particular depositions in question were not reasonably necessary for the litigation, or for some other reason.

Accordingly, the district court's orders do not provide us with an adequate basis to

review its decision. See Smith, 921 F.2d at 1124 (10th Cir. 1990) (remanding to the district court when the court did not explain its denial of a claim for time spent preparing a reply brief); Moe, 727 F.2d at 936 (stating that when it denies a motion for costs, "it is incumbent upon the trial court . . . to state its reasons so that the appellate court will have a basis for judging whether the trial court acted within its discretion"). We therefore conclude that this case must be remanded to the district court for further proceedings.

### III. CONCLUSION

Although we conclude that this case must be remanded to the district court, we emphasize that "[t]here is no requirement . . . that district courts identify and justify each disallowed hour [of a fee request]. Nor is there any requirement that district courts announce what hours are permitted for each legal task." Mares, 801 F.2d at 1202. Nevertheless, even though we afford them a great deal of discretion in these matters, the district courts must still provide an explanation of the award that is sufficient to allow us to determine whether they have abused their discretion. Here, aside from the district court's assessment of Ms. Sweeney's hourly rate and its determination that some of the time that she expended at trial duplicated the work of other attorneys, we have nothing to review but a dollar amount. That is not sufficient.

We therefore vacate the district court's August 8, 1996 order awarding fees and costs to Ms. Karnes and remand the case to the district court for further proceedings

consistent with this order and judgment.

Entered for the Court,


Robert H. Henry
United States Circuit Judge