**F I L E D**
United States Court of Appeals
Tenth Circuit

MAR 10 1997

**PATRICK FISHER**
Clerk

**PUBLISH**

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

| | |
|---|---|
| NORMAN T. SUSSMAN, GABRIELE F. SUSSMAN,    Plaintiffs-Appellees,   v.   WILLIAM J. PATTERSON, in his individual and official capacities;  VILLAGE OF ROY, THE;  STEPHEN R. PENDLETON, in his individual and official capacities;  DONNA SUE MILSON, in her individual and official capacities;  JANIE SCOTT, in her individual and official capacities;  RICHARD HAZEN, in his individual  and official capacities;  ANTONIO ESQUIBEL, in his individual and official capacities;  PAT A. TRUJILLO, in his individual and official capacities;  HARDING COUNTY SHERIFF'S DEPARTMENT; HARDING COUNTY;  HARDING COUNTY BOARD OF COUNTY COMMISSIONERS,    Defendants-Appellants. | No. 95-2250 |

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. No. CIV-93-1317)**

---

Randolph B. Felker of Felker, Ish, Ritchie & Geer, Santa Fe, New Mexico, for defendants-

appellants.

John C. Bienvenu, Santa Fe, New Mexico, (Robert Rothstein of Rothstein, Donatelli, Hughes, Dahlstrom & Cron, Santa Fe, New Mexico, and Philip B. Davis, Co-Legal Director, American Civil Liberties Union of New Mexico, Albuquerque, New Mexico, with him on the brief), for plaintiffs-appellees.

————————————

Before **TACHA, GODBOLD,**[*] and **HOLLOWAY,** Circuit Judges.

————————————

**HOLLOWAY**, Circuit Judge.

————————————

Defendants-appellants appeal an award of attorneys' fees and costs made by the district court after acceptance of defendants' offer of judgment by plaintiffs-appellees. The award in controversy had been left for determination by the court under the terms of the settlement agreement. The defendants assert that the court made four main errors in the award: (1) the award included attorneys' fees and costs incurred after a cut off date provided in the offer of judgment that was accepted; (2) an excessive $200 per hour rate of compensation was allowed for one of plaintiffs' counsel; (3) the time records produced by plaintiffs were not sufficient as to work performed by counsel on particular tasks; and (4) improper allowances for various litigation expenses were made.

**I**

[*]The Honorable John C. Godbold, Senior United States Circuit Judge for the Eleventh Circuit, sitting by designation.

The underlying suit in this 42 U.S.C. § 1988 fee award litigation was based on alleged personal injuries to plaintiff Norman Sussman and selective and malicious prosecution, inter alia. Plaintiffs Norman and Gabriele Sussman had been long-time vocal critics of defendants the village of Roy, New Mexico, and Harding County, New Mexico, and the Harding County Sheriff's Department, and various local officials. It was alleged in the complaint that defendants conspired to have Norman Sussman arrested through selective enforcement of municipal ordinances. During the arrest which took place on February 18, 1993, Sussman allegedly suffered injuries as a result of being beaten, stomped, fired upon with a stun gun, and knocked to the ground, face first. He lost consciousness, suffered an asthmatic attack, and had to be treated for a concussion, the asthma attack, bruises and contusions, and psychiatric trauma. He was charged with obstructing and assaulting a police officer. Those charges were dismissed for lack of probable cause.

On November 10, 1993, Sussman filed the underlying action in this case alleging violation of state tort law and deprivation of his civil rights by selective and malicious prosecution, and excessive use of force, all in retaliation for his criticism of defendants. Gabriele Sussman does not appear to assert independent wrongs to herself, but instead bases her claim on her husband's injuries.

Defendants presented an offer of judgment on March 14, 1994. The terms of the offer are partially in dispute. It is agreed, however, that it provided for the Sussmans to receive $100,000, and attorneys' fees and costs in an amount to be determined by the court pursuant

3

to section 42 U.S.C. § 1988. On April 11, 1994, plaintiffs accepted the offer, with the additional condition that they receive $3,500 in attorneys' fees for the period between March 14 and April 11. App. at 41-42. The plaintiffs' acceptance of the offer of judgment, which acceptance was filed April 11, 1994, stated:

> COME NOW Plaintiffs Norman and Gabriele Sussman, by and through their counsel, below-listed, and accept Defendants' Offer of Judgment, as served on them on March 14, 1994, in the amount of $75,000 to Plaintiff Norman Sussman and $25,000 to Plaintiff Gabriele Sussman, plus costs of suit to date, including reasonable attorney fees pursuant to 42 U.S.C. §1988, subject to the conditions agreed upon at the Settlement Conference with Magistrate Judge Don Svet on April 11, 1994, including that:
> 1.      This acceptance may be withdrawn at any time prior to April 15, 1994 at 5:00 p.m.
> 2.      Plaintiffs shall receive $3,500 for their attorneys fees, exclusive of costs, for the period from March 14, 1994 to April 11, 1994. All other fees shall be determined by the Court.

App. at 41.

Judgment was entered on May 24, 1994, after plaintiffs' acceptance of the offer of judgment filed on April 11, 1994. The judgment provided that Norman Sussman should recover $75,000 from defendants, plaintiff Gabriele Sussman should recover $25,000 from them, and plaintiffs should recover their costs of the action, including reasonable attorneys' fees under 42 U.S.C. § 1988, pursuant to the offer of judgment. App. at 41-42. On June 23, 1994, plaintiffs filed a motion to tax costs and for an award of attorneys' fees and costs, App. at 46, along with a memorandum brief and affidavits. On August 12, 1994, defendants filed a response thereto and brief, and on August 30, 1994, plaintiffs filed a reply and supplemental affidavits.

4

The parties filed requested findings and conclusions on August 31, 1995. On October 5, 1995, the court entered findings and conclusions pertaining to the taxing of costs and the award of attorneys' fees. The court found that on March 14, 1994, the defendants served an offer of judgment that was accepted by the plaintiffs and entered on May 25, 1994. App. at 366. The findings noted that the judgment provided for compensatory damages for Norman Sussman of $75,000 and $25,000 for plaintiff Gabriele Sussman, and attorneys' fees and costs pursuant to 42 U.S.C. § 1988. The court found that plaintiffs obtained substantial relief on the merits and are the prevailing parties, entitled to an award of reasonable attorneys' fees and costs under 42 U.S.C. § 1988. The court said that counsel for plaintiffs had submitted meticulous, contemporaneous time records; that their affidavits establish they had deleted approximately eight percent to ten percent of their time in the exercise of billing judgment; and that the remaining hours were a reasonable time to perform the tasks described and time spent was reasonably necessary to prosecute the case. The court found that use of co-counsel did not result in duplication of effort and noted that defendants also used at least two attorneys throughout the proceedings, in addition to other staff.

It was also found that the hours expended were, in large part, necessarily incurred due to defendants' intransigence in refusing to negotiate or discuss settlement before and after suit was filed. The findings noted that in a typical civil rights case, where virtually all the evidence and witnesses were in the hands of the defendants and plaintiffs had the burden of proof, it could be expected that plaintiffs' lawyers must spend more time than defendants, and

5

that defendants had not met their burden of submitting evidence to challenge the accuracy and reasonableness of hours charged or facts in the affidavits of plaintiffs. It was found that the hours necessarily spent by plaintiffs' counsel reaped substantial success for plaintiffs and should be fully compensated; that plaintiffs obtained excellent results and substantial damage awards for both plaintiffs and the fee award should reflect that success. The findings noted defendants had offered no rebuttal to plaintiffs' affidavits establishing reasonableness of the rate requested for Mr. Rothstein ($200 per hour), other than the fact that defendants' counsel was being compensated at $125 per hour. It was found that evidence in the affidavits demonstrated the rate of $200 for an attorney of Mr. Rothstein's skill and experience was reasonable and within that charged by other attorneys in the vicinity practicing in similar areas of the law and was consistent with Mr. Rothstein's own current standard rate charged to hourly rate clients of $200 per hour. Defendants did not contest any of the other rates requested by plaintiffs.

It was found that the expenses incurred were reasonable and necessary, and not included in office overhead and were regularly billed to clients in both hourly rate and contingency cases. The findings concluded that the total amount of fees, expenses and gross receipts tax incurred by plaintiffs up to September 13, 1994, was $86,487.42. The court concluded fees should include time spent in preparing a fee application and pursuing the award of fees. The amount of the total award was $86,487.42, as requested by plaintiffs, except that plaintiffs' request for prejudgment interest was denied. Thus the court awarded

6

costs and fees as requested by plaintiffs, without applying the March 14, 1994 cut off date which defendants say was required.

Defendants appeal the award of fees and costs, asserting numerous claims of error to which we now turn.

## II

We review the reasonableness of an award of attorneys' fees for abuse of discretion, giving "great weight" to the district court's assessment. Zuchel v. City and County of Denver, 997 F.2d 730, 743 (10th Cir. 1993). We review the district court's statutory interpretation or legal analysis of the basis for the award de novo. Beard v. Teska, 31 F.3d 942, 955 (10th Cir. 1994).

## A

The first issue we will resolve is whether the award of attorneys' fees and costs should include those incurred for work accomplished after the March 14, 1994, offer of judgment, or whether the award should be cut off at that date when the offer of judgment was made, as the defendants contend.

Plaintiffs' counsel contends that this issue of the cut off date has been raised for the first time on appeal. It appears that the defendants did not raise this issue before the district court in their opposition to the motion for fees. See App. at 223-38 (challenging fees sought as being based on inadequate records, an excessive hourly rate, duplicative, non-compensable, and excessive work, and as meriting a downward adjustment, but not on

the cut off date). In general, we will decline to consider issues first raised on appeal. Tele-Communications, Inc. v. Commissioner, 12 F.3d 1005, 1007 (10th Cir. 1993). This general waiver rule is not absolute, however, and "we may depart from [it] in our discretion, particularly when we are presented with a strictly legal question, the proper resolution of which is beyond doubt or when manifest injustice would otherwise result." Daigle v. Shell Oil Co., 972 F.2d 1527, 1539 (10th Cir. 1992); see Tele-Communications, Inc., 12 F.3d at 1007 (one exception to general rule is "when the appellate court feels it must resolve a question of law to prevent a miscarriage of justice."). Although defendants have provided no explanation for why this issue was not raised below, we nevertheless reach its merits because it has been briefed fully by the parties and involves a pure legal issue as to the effect of the offer of judgment and its acceptance, and because of the important public policy concerns raised by the issue of § 1988 fee and cost cut off provisions in § 1983 litigation settlements.

In the defendants' appendix there is an "Offer of Judgment," which provides for "costs of suit to date and attorneys' fees to date," and which has a certificate of service on plaintiffs' counsel by mail dated March 14, 1994. App. at 37-38 (emphasis added). However, plaintiffs object to the inclusion in the record of the offer of judgment on the ground that it was never filed in the court below and hence is not a part of the record. See Anthony v. United States, 667 F.2d 870, 875 (10th Cir. 1981), cert. denied, 457 U.S. 1133 (1982) (noting that a party may move to supplement the record, but may not move to create a new record). However,

8

we note that the acceptance of the offer of judgment signed by plaintiffs' counsel, which was filed below and is in the appendix, acknowledges that the plaintiffs are entitled to recover "costs of suit to date, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988." App. at 41 (emphasis added). Thus, plaintiffs' own documents establish the terms of the offer of judgment with the cut off date as stated in the offer, and the acceptance made provision for payment of $3,500 for attorneys' fees exclusive of costs for the period from March 14 to April 11, 1994, with other fees to be determined by the court.

Thus it is clear that there was an offer of judgment, which triggered the express cut off provision within Fed. R. Civ. P. 68 itself since the offer was accepted. The cut off proviso of Rule 68 arises from this pertinent language:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. . . .

Fed. R. Civ. P. 68 (emphasis added). Furthermore, pursuant to 42 U.S.C. § 1988 a prevailing party in a § 1983 suit may be awarded attorneys' fees "as part of the costs." Marek v. Chesny, 473 U.S. 1, 9 (1985). In Marek, the Court noted that "the most reasonable inference is that the term 'costs' in Rule 68 was intended to refer to all costs properly awardable under the relevant substantive statute or other authority." Id. Thus we feel it clear, as it should have been to plaintiffs' counsel, that the Rule 68 cut off applied to both fees and costs in this § 1983 suit by the operation of the substantive provisions of § 1988 and Rule 68. See Marek, 473 U.S. at 9.

9

Therefore we are persuaded that the parties' actions in connection with the offer of judgment and its acceptance, in light of the effect of Rule 68, show that the parties intended to have a cut off date for fees and costs on March 14, 1994, when the offer of judgment was made. There was some adjustment on that cut off made by the additional provision in the acceptance of the offer of judgment that plaintiffs should receive $3,500 for their fees, exclusive of costs, from March 14 to April 11, 1994 (the date of acceptance of the offer), the other fees to be determined by the court. App. at 41. Nevertheless, it is clear from the findings and the judgment entered that the district judge did not apply the Rule 68 cut off. Instead, as noted earlier, the judge awarded fees and costs incurred by the plaintiffs up to September 13, 1994, concluding that the total amount of fees, expenses and gross receipts tax incurred up to September 13, 1994 ($86,487.42), should be awarded. App. at 370-71. Judgment was entered for the plaintiffs in that amount on October 5, 1995. App. at 372.

In light of the cut off that we find was agreed to through the offer of judgment and its acceptance, we vacate the judgment and remand with directions that the district judge reduce the judgment by making a redetermination of fees and costs incurred by plaintiffs up to March 14, 1994. To this sum, the $3,500 amount for attorneys' fees for the period of March 14 to April 11, 1994, the date of acceptance of the offer of judgment, shall be added. We explain below that we reject the defendants' other claims of error and this new award, applying the Rule 68 cut off on fees and costs, shall be entered as the judgment for fees, costs

10

and expenses.[1]

**B**

Next, we consider whether the district court abused its discretion in approving the $200 per hour rate for the services of Mr. Rothstein. Defendants challenge only that one hourly rate determination.

We have previously set forth in Ramos v. Lamm, 713 F.2d 546 (10th Cir. 1983), the framework to be used by the district court in evaluating these matters. With regard to the hourly rate of compensation,

> [T]he court should establish, from the information provided to it and from its own analysis of the level of performance and skills of each lawyer whose work is to be compensated, a billing rate for each lawyer based upon the norm for

---

[1]In other cases additional issues about fee waivers have been raised. In Evans v. Jeff D., 475 U.S. 717 (1986), a class action settlement was considered and the Supreme Court mentioned a suggestion by the Solicitor General that a fee waiver need not be approved where there was no realistic defense on the merits, or if the waiver was part of a vindictive effort to teach counsel not to bring such actions. The Court found it unnecessary to evaluate the argument because the record did not indicate that the state had adopted any such statute, policy or practice. The Evans opinion suggests another issue by reference to the fact that the challenge to the fee waiver there had to confront the district court's finding that the extensive relief obtained constituted an adequate quid pro quo for the waiver of fees. Id. at 739-40.

In Willard v. City of Los Angeles, 803 F.2d 526, 528 (9th Cir. 1986), the court rejected an argument that settlement of a private civil rights case could not be conditioned on a waiver of § 1988 fees. The court said that the contention contradicted the Evans holding that settlements of civil rights actions may be conditioned on waiver of § 1988 attorneys' fees. Id. at 527. The Ninth Circuit did not consider whether exceptions to this rule from the class action opinion in Evans apply to individual actions because the Willard record did not indicate that such a statute, policy or practice requiring waiver of fees had been adopted.

We likewise need not consider these policy issues which were not developed in our record and have not been pressed by the plaintiffs in questioning the cut off of fees here.

11

comparable private firm lawyers in the area in which the court sits calculated as of the time the court awards fees.

Id. at 555.

The record in this case indicates that plaintiffs submitted to the district court a number of affidavits in support of their motion for attorneys' fees. Mr. Rosenstock stated that in 1991 he received an award of $175 an hour in a federal civil rights action in New Mexico. App. at 131, at ¶ 14. He also stated that a number of experienced attorneys in New Mexico are paid $200 an hour for civil rights work, and that Mr. Rothstein is as able as those attorneys. Id. Mr. Philip B. Davis, who claims to "have developed a sub-specialty in statutory fee award litigation," corroborated Mr. Rosenstock's statement, noting that "attorneys of Mr. Rothstein's skill and experience charge for their services at hourly rates ranging from $195-$225 per hour." App. at 140, ¶ 17.

In opposition to these affidavits, the defendants submitted an affidavit of defendants' counsel, Mr. Felker. Mr. Felker stated that his normal hourly fee is $125 per hour, and that in his experience, only the most experienced New Mexico attorneys receive $200 an hour. App. at 241, 243. Although the rate charged by the losing counsel may be relevant in determining a reasonable hourly rate, see United States v. Metropolitan Dist. Comm'n, 847 F.2d 12, 19 (1st Cir. 1988); Tomazzoli v. Sheedy, 804 F.2d 93, 95, 99 (7th Cir. 1986), we have discounted that information where, as in this case, the opposing counsel represents a governmental entity. Malloy v. Monahan, 73 F.3d 1012, 1018 (10th Cir. 1996); see also Brooks v. Georgia State Board of Elections, 997 F.2d 857, 869 (11th Cir. 1993).

12

We cannot say that the district court abused its discretion in approving an hourly rate of $200 an hour for Mr. Rothstein. The affidavits presented to the district court provided it with information regarding Mr. Rothstein's skill and experience, as well as evidence of the comparable norm. Moreover, given that Ramos allows compensation at the "rates in effect at the time the fee is being established . . . rather than those in effect at the time the services were performed," 713 F.2d at 555, the fact that the highest previous rate set by a court was $175 an hour is not dispositive where that rate was approved in 1991, three years before the district court made the determination in this case.

## C

We turn to the challenge defendants make to the adequacy of plaintiffs' time records and findings made on them.

With respect to the amount of time claimed, the party seeking attorneys' fees bears the burden of "prov[ing] and establish[ing] the reasonableness of each dollar, each hour, above zero." Mares v. Credit Bureau of Raton, 801 F.2d 1197, 1210 (10th Cir. 1986). To satisfy this burden, counsel seeking fees must keep contemporaneous and detailed records of their time. Although a lawyer "is not required to record in great detail how each minute of his time was expended," Hensley v. Eckerhart, 461 U.S. 424, 437 n.12 (1983), the billing record does have to explain how the hours worked were "allotted to specific tasks -- for example, how many hours were spent researching, how many interviewing the client, how many drafting the complaint, and so on." Ramos, 713 F.2d at 553.

13

We have noted the findings and conclusions of the district judge in detail in Part I.[2]

The enumeration of the specific tasks performed was not as detailed as might be desirable,

but the records were considered by the district judge who found they were

> [m]eticulous, contemporaneous time records. Plaintiffs' affidavits establish
> that Plaintiffs' attorneys have reviewed their records and deleted approximately
> 8 to 10 percent of their time in the exercise of billing judgment. The
> remaining hours were a reasonable time in which to perform the given tasks
> described and the time spent was reasonably necessary to prosecute this
> case. . . .

App. at 367.

We feel that the records meet the test on identifying the general subject matter of

counsels' time expenditures. See Hensley v. Eckerhart, 461 U.S. 424, 437 n.12 (1983). We

are satisfied that the findings made here are not clearly erroneous, giving proper weight to

the district court's judgment. See Zuchel v. City and County of Denver, 997 F.2d at 734.

**D**

Finally, we are unpersuaded by the challenge that defendants make to the imposition

of cost items such as photocopying, mileage, meals, and postage. In Ramos v. Lamm, 713

F.2d 546, 559 (10th Cir. 1983), we stated that "these kinds of expenses should be allowed

---

[2]The defendants complain that the district judge adopted verbatim the proposed
findings and conclusions submitted by plaintiffs. Such findings, though not the product of
the district judge's mind, are formally hers and are "not to be rejected out-of-hand, and they
will stand if supported by evidence," but "[t]hose drawn with the insight of a disinterested
mind are, however, more helpful to the appellate court." United States v. El Paso Gas Co.,
376 U.S. 651, 656 (1964); Anderson v. Bessemer City, 470 U.S. 564, 571-73 (1985). We
are satisfied that the record here supports the findings and conclusions drawn and uphold
them.

as fees only if such expenses are usually charged separately in the area." The district court considered this challenge and found that such fees are usually separately charged and defendants have not shown that this finding is clearly erroneous. Therefore, we affirm the imposition of these cost items, except that any costs incurred following the date of the offer of judgment should be excluded in determining the proper award on remand.

### III

Accordingly we **AFFIRM** the district court's findings and conclusions as to the $200 rate for Mr. Rothstein, as to the sufficiency of the records concerning the services of plaintiffs' attorneys and their expenditures of time, and as to the award for cost items discussed in Part IID. We **VACATE** the $86,487.42 award of fees and costs and **REMAND** in order that the district court may make the necessary reduction in the award of fees, costs and expenses to give effect to the cut off provision as provided in Part IIA of this opinion.

With respect to plaintiffs' request for recovery of costs and attorneys' fees on appeal, we find that it is appropriate that the parties each bear their own costs and fees on appeal.

**IT IS SO ORDERED.**