**Angelo RAMON; Melinda Ramon; Dianna Ramon, Plaintiffs— Appellants,**

v.

**KERN HIGH SCHOOL DISTRICT, Defendant—Appellee.**

No. 03–16342.

D.C. No. CV–02–05619–AWI/LJO.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 13, 2004.

Decided May 7, 2004.

Steven B. Berlin, Law Offices of Steven Berlin, San Francisco, CA, for Plaintiffs–Appellants.

Nicole M. Misner, Stacy Jo Lorraine Inman, Schools Legal Service, Bakersfield, CA, for Defendant–Appellee.

Before T.G. NELSON, W. FLETCHER, and BERZON, Circuit Judges.

## MEMORANDUM *

The Ramons brought this action under the Individuals with Disabilities Education Act ("IDEA") as parents of an autistic daughter, Dianna Ramon. They seek attorney's fees for Joyce Coger, the attorney who successfully represented them in their administrative dispute with the local school district over the education of Dianna. *See* 20 U.S.C. § 1415(i)(3)(C) (IDEA fee-shifting provision for prevailing plaintiffs). The Ramons also seek attorneys' fees for Patrick Smith and Steven Berlin, attorneys who represented them in the district court and here. The facts are familiar to the parties, and we therefore do not recite them here except as necessary.

We review the award of attorneys' fees for abuse of discretion. *Quesada v. Thomason*, 850 F.2d 537, 538 (9th Cir.1988). The Ramons do not challenge the award of costs.

▪ The district court's reduction of Ms. Coger's hours was within its discretion. Although the reduction from 1,149.6 hours to 600 hours was significant, this was not an unreasonable adjustment. Ms. Coger had been an attorney for less than two years when she represented the Ramons, and Dianna's was her first IDEA case. Accordingly, the district court could

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

conclude that her lack of legal experience rendered her an inefficient litigator. In addition, her billing records were vague and insufficiently detailed, and the district court appropriately reduced her hours for this reason. *See Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) ("Where the documentation of hours is inadequate, the district court may reduce the award accordingly.").

■ The district court's adoption of the magistrate judge's conclusion that $150 was a reasonable hourly rate for Ms. Coger's services was not an appropriate estimate of the "rates prevailing in the community ... for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C). The rates submitted by both parties varied from a low of $157.50 to a high of $400 per hour. The $157.50 figure was the billing rate for Ms. Coger's adversary in the underlying proceeding, Schools Legal Service, a quasi-public "law firm" administered by the Kern County Superintendent of Schools. The district court should not have relied on this figure in its determination of a reasonable hourly rate for a true private attorney. "[T]he proper reference point in determining an appropriate fee award is the rates charged by private attorneys in the same legal market as prevailing counsel." *Trevino v. Gates*, 99 F.3d 911, 925 (9th Cir.1996); *accord Sussman v. Patterson*, 108 F.3d 1206, 1212 (10th Cir.1997); *Brooks v. Georgia State Bd. of Elections*, 997 F.2d 857, 869–70 (11th Cir.1993). The next-lowest rate cited in the record was $175, but the declarant neglected to disclose the community in which he practices law. The lower court should not have relied on this figure, because such a declaration sheds no light on the reasonable hourly rate in Bakersfield for Ms. Coger's services.

Of the remaining declarations in the record, we find the declaration of Nicole Mis-

ner to be most useful in setting a reasonable hourly rate for Ms. Coger, because both are novice private attorneys practicing special education law in Bakersfield. A relevant difference between the two, however, is that Ms. Coger has a Masters Degree in Psychology and has extensive experience in the California public school system, both of which likely prove valuable in special education cases, while Ms. Misner apparently does not have comparable non-legal experience. Ms. Misner bills at a rate of $180–$200 at a private law firm in Bakersfield, so $190 is a reasonable rate for Ms. Coger for this case. The Ramons are therefore entitled to an award of $114,000 (600 hours multiplied by $190 per hour) for Ms. Coger's fees. *See Hensley*, 461 U.S. at 433 (calculating compensation based on the "number of hours reasonably expended multiplied by a reasonable hourly rate").

With respect to Mr. Smith's and Mr. Berlin's fees, we see no abuse of discretion and therefore affirm those aspects of the district court's award.

Finally, the Ramons seek attorney's fees and costs for this appeal. The Ramons' entitlement to attorney's fees and costs on appeal depends on whether, and to what extent, they succeeded in persuading this court to alter the judgment in their favor. *Trevino*, 99 F.3d at 925–26. As they have met with some success here, the request for attorney's fees and costs is granted.

For the reasons stated above, we AFFIRM the judgment AS MODIFIED. The Ramons are awarded an additional $24,000 in fees for Ms. Coger, as well as at least a portion of their attorney's fees and costs on appeal.