**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 6, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,
ex rel., KATHRYN ERICKSON,

       Plaintiff-Appellant,

    and

LONNIE HOGAN,

       Plaintiff,

v.

UINTAH SPECIAL SERVICES
DISTRICT,

       Defendants-Appellees.

No. 07-4031
(D.C. No. 2:02-CV-581-DAK)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **BALDOCK**, and **LUCERO**, Circuit Judges.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff-appellant Kathryn Erickson, appearing pro se, appeals the district court's grant of summary judgment to defendant-appellee Uintah Special Services District (USSD) on her claim of retaliatory discharge under the False Claims Act (FCA). Ms. Erickson alleged that she was suspended and then terminated from her job because, as USSD's General Manager from June 1996 through January 2001, she brought to light several allegedly illegal and fraudulent practices of USSD and Uintah County involving the alleged misuse of federal funds. USSD countered that Ms. Erickson was lawfully terminated in response to a report prepared by an independent auditor that contained questions and concerns regarding various payments made by USSD that failed to conform with USSD's stated policies.

The district court granted USSD summary judgment, holding that Ms. Erickson had failed to prove her prima facie case of retaliation and, in the alternative, that even if the prima facie case had been established, Ms. Erickson failed to demonstrate that the audit report was not a legitimate, non-discriminatory reason for termination.

On appeal, Ms. Erickson argues that USSD failed to follow proper procedures in suspending and terminating her, that she was terminated because she insisted that USSD bring legal action against Uintah County, that the district court's grant of summary judgment was improper because material questions of fact remained unanswered, that USSD's reliance on the audit report was

pretextual because the report was unfinished at the time of her termination, that the district court erred in referencing her subsequent indictment as support for its decision, and that USSD should have been required to defend and indemnify her in regard to the criminal indictment.

Exercising our jurisdiction under 28 U.S.C. § 1291, we AFFIRM.

I.

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

> We review the grant of a summary judgment motion de novo, applying the same standards as the district court. In reviewing the record, we view all evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party. We will affirm a district court's grant of summary judgment unless the evidence in the record demonstrates a genuine issue of material fact.

*Proctor v. United Parcel Serv.*, 502 F.3d 1200, 1205-06 (10th Cir. 2007) (citations omitted).

Under 31 U.S.C. § 3730(h): "Any employee who is discharged [or] suspended . . . by his or her employer because of lawful acts done by the employee . . . in furtherance of an action under [the FCA] . . . shall be entitled to all relief necessary to make the employee whole." According to the legislative history, this whistleblower protection statute:

provides relief only if the whistleblower can show by a preponderance of the evidence that the employer's retaliatory actions resulted "because" of the whistleblower's participation in a protected activity. Under other Federal whistleblower statutes, the "because" standard has developed into a two-pronged approach. One, the whistleblower must show the employer had knowledge the employee engaged in "protected activity" and, two, the retaliation was motivated, at least in part, by the employee's engaging in protected activity. Once these elements have been satisfied, the burden of proof shifts to the employer to prove affirmatively that the same decision would have been made even if the employee had not engaged in protected activity.

S. Rep. No. 345 at 35, 99th Cong., 2d Sess. 35 (1986), reprinted in 1986

U.S.C.C.A.N. 5266, 5300.

We need not recite the facts of the case in detail as the parties are well aware of their respective claims. Ms. Erickson essentially claimed in the district court that the timeline of her firing was sufficient proof of its retaliatory nature. She claimed that when she initially began to bring her claims to light, USSD defended her despite pressure applied by Uintah County to have her fired. She claims that eventually, when she began pushing USSD to take legal action against the County, USSD caved to the pressure and terminated her.

The district court held that in order to make out her prima facie case, Ms. Erickson had to prove that "(1) the employer is covered by the act at issue, (2) the employee engaged in protected activity, (3) the employee suffered adverse action, and (4) there is an inference of causation between the protected activity and the adverse action." R., Vol. VII, Doc. 73 at 4 (quoting *Mann v. Olsten*

*Certified Healthcare Corp.*, 49 F. Supp. 2d 1307, 1313 (M.D. Ala. 1999)).  The court held that Ms. Erickson failed to make out her prima facie case because, considered as a whole, the record did not support an inference of causation.

In the alternative, the district court applied the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973), holding that even if Ms. Erickson had established her prima facie case, the burden shifted to USSD to articulate a facially nondiscriminatory reason for her termination.  R., Vol. VII, Doc. 73 at 5 (citing *Marx v. Schnuck's Markets*, 76 F.3d 324, 327 (10th Cir. 1996), a case which applies the *McDonnell Douglas* framework in an ADEA context).  The court held that "[a]t the summary judgment stage, it then becomes the plaintiff's burden to show that there is a genuine dispute of material fact as to whether the employer's proffered reason for the challenged action is pretextual" *Id*. (citing *Ingels v. Thiokol Corp*., 42 F.3d 616, 622 (10th Cir.1994)).  The court held that Ms. Erickson had failed to establish that the audit was merely a pretextual reason for her termination by "showing either that a discriminatory reason more likely motivated the employer or . . . that the employer's proferred explanation[, that she was fired because of the audit, was] unworthy of credence." *Id*. (quoting *Marx*, 76 F.3d at 327-28) (alteration in original).

II.

Turning to Ms. Erickson's appellate arguments, we agree with USSD that she never properly argued in district court that USSD failed to follow proper procedures in suspending and terminating her, that the pretextual nature of USSD's reliance on the audit report in terminating her was obvious because the report was unfinished at the time of her termination, and that the USSD should have been required to defend and indemnify Ms. Erickson in regard to her criminal indictment. Her failure to raise these arguments in the district court means we will not consider them on appeal. *Sussman v. Patterson*, 108 F.3d 1206, 1210 (10th Cir. 1997) ("In general, we will decline to consider issues first raised on appeal.").

As to the remainder of Ms. Erickson's claims, we need only consider the district court's determination that even if Ms. Erickson proved her prima facie case, she failed to demonstrate that the audit report was not a legitimate, non-discriminatory reason for her termination. In the district court, Ms. Erickson attacked the charges made in the audit as both wrong and not worthy of belief by USSD. The court found that the audit was the product of an outside, independent auditor, and that "any one of its findings would be sufficient grounds for terminating [Ms.] Erickson." R., Vol. VII, Doc. 73 at 10. The court found that "[i]n at least one case, the written contract appears to be an after-the-fact fabrication. Another document appears to have been created specifically to

conceal some of this misconduct from the grand jury investigation." *Id.* Further the court held:

> this court does "not sit as a kind of 'super-personnel department,' free to second guess the propriety of an employer's business decision." *Eilam v. Children's Hospital Ass'n*, 1999 U.S. App. Lexis 5880, 10 (10th Cir. 1999[]). The burden is on [Ms.] Erickson to demonstrate that USSD's stated basis for termination "is so weak, implausible, contradictory, inconsistent, or incoherent as to be unworthy of belief." *Stover*[ *v. Martinez*], 382 F.3d [1064,] 1073 [(10th Cir. 2004)].

*Id*. at 9. The court held that the fact that Ms. Erickson was later indicted for obstruction of justice for knowingly falsifying USSD documents was relevant to her argument that the audit's findings were too weak to be believed.[1] To the extent that Ms. Erickson renews this argument on appeal or argues that the indictment was irrelevant, these arguments are denied for the reasons set forth in the court's decision.

However, Ms. Erickson expends most of her time arguing that the audit report was a pretextual reason for termination because two prior audits had shown no wrong-doing, the independent auditor was not actually independent, and USSD personnel falsified documents and took other actions to mislead the auditor. Ms. Erickson failed to properly present any of these arguments in the district court and they lack evidentiary support in the record.

---

[1] One of the documents Ms. Erickson was indicted for falsifying was a document that the audit report also viewed with suspicion.

Ms. Erickson also argues that the audit report was not the USSD's proffered non-discriminatory reason for her termination. She claims that "[t]he USSD Board never expressed a reliance on any audit report . . . as cause for my dismissal." Aplt. Br. at 14. It is too late for this argument. Ms. Erickson's own memorandum in opposition to summary judgment treats the audit report as USSD's proffered non-discriminatory reason. *See* R., Vol. V at xvii ("The audit was a pretextual reason for her termination. The real reason was to retaliate for her whistleblowing claims.").

## III.

The judgment of the district court is AFFIRMED. Ms. Erickson's motion to proceed in forma pauperis is GRANTED.

Entered for the Court

Bobby R. Baldock
Circuit Judge