**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 27, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RONALD B. GRASSI;
DEBRA GRASSI,

        Plaintiffs-Appellants,

v.

CORRECTIONS CORPORATION
OF AMERICA,

        Defendant-Appellee.

No. 09-1042
(D.C. No. 1:07-CV-944-MSK-KMT)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BALDOCK**, and **TYMKOVICH**, Circuit Judges.

Ronald B. Grassi and his wife, Debra Grassi, appeal the district court's

grant of summary judgment to defendant Corrections Corporation of America

(CCA) on their Eighth Amendment claims, brought under 42 U.S.C. § 1983, their

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

state-law-negligence claim, and Mrs. Grassi's loss-of-consortium claim. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

## Background

Defendant CCA, a private corporation, operates the Crowley County Correctional Facility (CCCF) in Olney Springs, Colorado. As part of its operation, CCA employs a staff of nurses and has contracted with a doctor of osteopathic medicine to provide supervision and medical care to inmates on a twenty-four-hour phone call basis and a regular in-service basis. At the time of the incident described here, plaintiff Ronald Grassi was an inmate at CCCF.

During the afternoon of May 8, 2005, Grassi began feeling abdominal pain and nausea. Around 8:00 pm, Grassi was given permission to go to the medical unit at CCCF where he was interviewed and examined by a nurse and where, at the direction of the supervising physician Dr. Jere Sutton, who consulted by telephone, he was given Mylanta and Pepto Bismol and kept in an observation cell. The nurses checked in on Grassi several times while he was in the cell. When told that the doctor did not plan on visiting the jail, Aplt. App. 44, Grassi, although still in pain, elected to return to his own cell. By 3:30 the next morning, Grassi's pain had increased to the point that he again called for medical help. A stretcher was sent to his cell, and Grassi was transferred to the medical unit. As a precaution, staff asked that a prison van be on standby in case transportation was needed.

Once in the medical unit, Grassi asked that an ambulance be called. At 4:15 a.m., after additional observation and treatment and consultation between Dr. Sutton and the medical unit staff, Dr. Sutton directed that Grassi be transported to the hospital. At approximately 5:15 a.m., a prison van left CCCF to transport Grassi the forty-two miles to St. Mary Corwin Hospital in Pueblo, Colorado, where, by 6:00 a.m., Grassi was receiving medical treatment. His appendix, which had perforated, was removed later that morning, but complications ensued necessitating five more surgeries and resulting in permanent damage to Grassi's digestive system.

Grassi and his wife filed their complaint pursuant to 42 U.S.C. § 1983 alleging that CCA and Dr. Sutton failed to provide Grassi with adequate medical care relating to his appendicitis, and that CCA failed to hire qualified medical providers, all resulting in a violation of the Eighth Amendment. The complaint also included a state-law negligence claim, and Mrs. Grassi brought a claim for loss of consortium.[1]

The district court granted summary judgment in favor of CCA. In doing so, it held that plaintiffs failed to establish deliberate indifference on the part of the CCA staff; that the "corporate practice of medicine doctrine" shields CCA from vicarious liability for any negligent acts by Dr. Sutton; and that plaintiffs failed to

---

[1]     Plaintiffs also brought a separate negligence claim against Dr. Sutton, individually. Dr. Sutton has since settled with plaintiffs and has been dismissed from the case.

show that the nurses' treatment of Grassi deviated from an accepted standard of care.  Because CCA was entitled to summary judgment on all claims predicated on injury to Grassi, Mrs. Grassi's derivative loss-of-consortium claim failed as well.

This appeal followed.

## Analysis

On appeal, plaintiffs argue that the district court mistakenly resolved disputed issues of material fact in favor of CCA, and that the court further misapplied Colorado law as to the negligence of the nurse who treated Grassi. "We review the question whether to grant summary judgment *de novo*, and will affirm a district court's decision to do so only if, viewing the facts in the light most favorable to the non-movant, we discern no genuine issue as to any material fact and conclude that movant is entitled to judgment as a matter of law." *Four Corners Nephrology Assocs., P.C. v. Mercy Med. Ctr*, 582 F.3d 1216, 1220 (10th Cir. 2009).

### Constitutional Claims.

Plaintiffs brought two claims under the Eighth Amendment against CCA: failure to provide adequate medical care for Grassi and failure to hire qualified medical providers at CCCF.  As part of its obligations under the Eighth Amendment, a government must provide medical care for its prisoners. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).  "[D]eliberate indifference to serious medical

-4-

needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Id.* at 104 (internal quotation marks and citation omitted).

> "Deliberate indifference" involves both an objective and a subjective component. The objective component is met if the deprivation is sufficiently serious. A medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety.

*Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) (internal quotation marks and citations omitted). An allegation of mere negligence is insufficient to state a claim under the Eighth Amendment. *Estelle*, 429 U.S. at 106. In its summary judgment motion, CCA assumed that appendicitis and a subsequent perforated appendix were sufficiently serious to meet the objective component of the deliberate indifference test. Aplt. App. at 22. It argued, however, that plaintiffs had failed to show that "anyone who interacted with Mr. Grassi knew of and disregarded any serious medical need." *Id.* at 23. The district court agreed, and so do we.

We cannot improve on the district court's thorough analysis of the facts and the law on this point. As for plaintiffs' arguments, we see no relevance in whether CCA complied with its internal policies during the course of this matter. Whether prison medical treatment constitutes deliberate indifference rising to the

level of an Eighth Amendment violation comprehends the seriousness of the deprivation and the prison official's state of mind. *See Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994). Compliance with corporate policy is not part of the deliberate indifference analysis.

Plaintiffs' assertion that "[t]he nursing staff at CCCF knew or should have known that Mr. Grassi would suffer a ruptured appendix with the corresponding possibility of life-threatening complications" is unsupported by evidence in the record. There is no evidence that any member of the nursing staff knew what would befall Grassi, and no expert testimony or other evidence was offered to establish what the nursing staff "should have known" in these circumstances.

In their brief, plaintiffs imply that the "brief phone call" with Dr. Sutton, the administration of over-the-counter medications, the fact that Grassi was allowed to return to his cell, and transportation to the hospital in a van rather than an ambulance rise to the level of deliberate indifference. Plaintiffs, however, point to no evidence suggesting that any CCCF employee was subjectively aware that these actions posed any substantial risk of harm to Grassi but chose, nevertheless, to disregard that risk. *See Sealock*, 218 F.3d at 1209. Because ineffective and even negligent treatment does not establish an Eighth Amendment violation, *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 198 n.5 (1989), the district court properly granted summary judgment to CCA on the medical treatment claim.

In addition to the medical treatment claim, Plaintiffs allege violation of the Eighth Amendment stemming from CCA's hiring of inexperienced and unqualified medical staff, particularly the hiring of Dr. Sutton. *See* Aplt. App. at 10-12. In their brief on appeal, however, plaintiffs fail to make any substantive legal argument to support this claim. Plaintiffs have therefore waived any consideration of this issue on appeal. *Bledsoe v. Garcia*, 742 F.2d 1237, 1244 (10th Cir. 1984).[2]

**State Law Claims.**

After granting summary judgment on the Eighth Amendment claims, the district court exercised its discretion to retain supplemental jurisdiction over the remaining state-law claims for negligence and loss of consortium. With regard to the negligence claim stemming from the actions of Dr. Sutton, the district court held that CCA was shielded by Colorado's "corporate practice of medicine doctrine" which holds "that it is impossible for a fictional entity, a corporation, to perform medical actions or be licensed to practice medicine." *Villalpando v. Denver Health & Hosp. Auth.*, 181 P.3d 357, 364 (Colo. Ct. App. 2007), *cert. denied*, 2008 WL 921297 (Colo. Apr. 7, 2008) (No. 07SC1064) (internal

---

[2] Plaintiffs do intimate that Dr. Sutton's failure to supervise the nursing staff resulted in deliberate indifference to Grassi's serious medical needs. This argument, however, was not presented to the district court. Except in certain circumstances not present here, we will not entertain an argument made for the first time on appeal. *Sussman v. Patterson*, 108 F.3d 1206, 1210 (10th Cir. 1997).

quotation marks omitted). "The doctrine generally shields corporations from vicarious liability for the negligent acts of physician employees." *Id.*

Corporate liability for actions of nurses, however, stands on a different footing. An employer such as CCA can "be held liable for a nurse's negligence, so long as the nurse was one of its employees and was acting within the scope of employment." *Nieto v. State*, 952 P.2d 834, 841 (Colo. Ct. App. 1997), *aff'd in part, rev'd in part on other grounds*, 993 P.2d 493 (Colo. 2000). Plaintiffs argue generally that the CCCF nursing staff mistreated Grassi "upon his arrival," Opening Br. at 20 (which presumably means upon his initial arrival at the medical unit during the evening of May 8), when it allowed him to return to his living unit, and when it delayed in transferring him to the hospital. Plaintiffs fail to identify, however, which nurse or nurses were responsible for this alleged mistreatment or to describe with particularity the acts or omissions by them that would give rise to liability. *See Villalpando*, 181 P.3d at 365. Even more fundamentally, plaintiffs put forth no evidence establishing the standard of care required of a nursing staff in the situation presented here or whether the staff deviated from that standard.[3] Without negligence on the part of its employees, there can be no vicarious liability for CCA. It was therefore proper for the district court to grant CCA summary judgment on the negligence claim.

---

[3] Because we affirm on this alternate ground relied on by the district court, we need not address whether the district court erred in relying on the nurse's supervision by Dr. Sutton.

Because Mrs. Grassi's loss-of-consortium claim is derivative of Mr. Grassi's right to recover, the district court correctly dismissed the loss-of-consortium claim when it granted summary judgment on all claims brought by Mr. Grassi.

The judgment of the district court is AFFIRMED.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge