BRISCOE, Chief Judge,
concurring.
I agree with the majority that Ms. Tis-careno cannot succeed in her pursuit of a Brady claim against Dr. Frasier because her criminal trial did not result in a judgment of conviction. In Morgan v. Gertz, 166 F.3d 1307 (10th Cir.1999), we held that “the withholding or destruction of evidence violates a criminal defendant’s constitutional rights only if, as a result of the withholding or destruction of evidence, the criminal defendant is denied a fair trial.” Id. at 1310. However, “[rjegardless of any misconduct by government agents before or during trial, a defendant who is acquitted cannot be said to have been deprived of the right to a fair trial.” Id. Here, because the only judgment entered by the court in Ms. Tiscareno’s case was a judgment of acquittal, Ms. Tiscareno has not been deprived of her right to a fair trial. As a result, her Brady claim fails. Although this argument was not raised by Dr. Frasier before the district court, it presents a purely a legal issue that we can resolve on undisputed facts. Our failure to reach this issue would, in my view, result in manifest injustice by permitting a baseless claim to proceed. Allowing this Brady claim to proceed would also result in' a further waste of judicial resources and undermine the spirit of qualified immunity. See Pearson v. Callahan, 555 U.S. 223, 237, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009) (“Qualified immunity is an immunity from suit rather than a mere defense to liability.” (internal quotations omitted)).
Contrary to the majority, however, I would not rely on IHC’s argument that it had no clearly established duty to locate and disclose potentially exculpatory evidence to grant IHC qualified immunity. As I understand Ms. Tiscareno’s argument, she asserts that because Dr. Frasier participated in the investigation of this case on behalf of IHC, IHC had a responsibility under Brady to locate and disclose the pathology report. But the district court concluded that there was a factual dispute as to whether Dr. Frasier was acting as an agent of IHC under the state contract and as to whether Dr. Frasier was sufficiently involved in the investigation to be considered part of the prosecution. Rather than wade into that factual morass, I would assume for purposes of IHC’s qualified immunity motion that Dr. Frasier was working on behalf of IHC and then conclude that because Dr. Frasier is entitled to qualified immunity, so too is IHC as regards Ms. Tiscareno’s argument that IHC’s liability arises from Dr. Frasier’s actions. Without a Brady violation, Ms. Tiscareno “cannot be said to have been deprived of [her] right to a fair trial,” Morgan v. Gertz, 166 F.3d at 1310; and in the absence of a constitutional violation by Dr. Frasier, IHC cannot be held liable under § 1983. See Estate of Larsen ex rel. Sturdivan v. Murr, 511 F.3d 1255, 1264 (10th Cir.2008); Dubbs v. Head Start, Inc., 336 F.3d 1194, 1216-17 (10th Cir.2003); Olsen v. Layton Hills Mall, 312 F.3d 1304, 1317-18 (10th Cir.2002); see also Serna v. Colo. Dep’t of Corr., 455 F.3d 1146, 1151 (10th Cir.2006).
However, IHC did not actually argue that it cannot be held liable because no constitutional violation occurred, only Dr. *682 Frasier argued that. Generally, this failing would preclude us from relying on this argument. Richison v. Ernest Group, Inc., 634 F.3d 1123, 1131 (10th Cir.2011) (Where a party “fail[s] to argue for plain error” on appeal, that “marks the end of the road for an argument for reversal not first presented to the district court.”). But if the premise of Ms. Tiscareno’s argument is that IHC is liable because Dr. Frasier was acting on IHC’s behalf, then I think an argument can be made that because Dr. Frasier raised this argument (and Ms. Tiscareno had the opportunity to respond to it), we can apply the same analysis to IHC’s appeal. And given that we know Ms. Tiscareno’s Brady claim fails as a matter of law, the claim against IHC should also fail. See Singleton v. Wulff, 428 U.S. 106, 121, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976) (“The matter of what questions may be taken up and resolved for the first time on appeal is one left primarily to the discretion of the courts of appeals,” and “[ejertainly there are circumstances in which a federal appellate court is justified in resolving an issue not passed on below, as where the proper resolution is beyond any doubt, ... or where injustice might otherwise result.” (internal quotations and citations omitted)); Suss-man v. Patterson, 108 F.3d 1206, 1210 (10th Cir.1997) (“ ‘[W]e may depart from [the general waiver rule] in our discretion, particularly when we are presented with a strictly legal question, the proper resolution of which is beyond doubt or when manifest injustice would otherwise result.’ ” (quoting Daigle v. Shell Oil Co., 972 F.2d 1527, 1539 (10th Cir.1992))).
While I rely on a different rationale to address IHC’s appeal, I concur in the result reached by the majority in both appeals.